Case 91—PETITION EQUITY—February 6.

# Commonwealth v. Robinson, &c.

APPEAL FROM RUSSELL CIRCUIT COURT.

1. The holder of a mortgage executed prior to the levy of an execution on the mortgaged land has a lien superior to that created by the levy of the execution, although his mortgage was not recorded until after the execution was levied.

2. Parties to Action to Enforce Lien.—The holder of a lien on land created by the levy of an execution is entitled to be made a defendant to an action to enforce a prior mortgage lien upon the land, as subsection 3 of section 694 of the Civil Code requiring the plaintiff in an action to enforce a lien on real property to make all other lien-holders defendants applies as well to the holder of an execution lien as to any other lien-holder; and if not made a defendant he may have ·the sale made in the action set aside in order that there may be a resale. Whether he would have this right as against an innocent purchaser· is not now determined, as not only did the plaintiffs in this case have notice of the execution lien when they instituted their action, but the; purchaser had notice before the sale.

WM. J. HENDRICK, Attorney-General, A. H. W. AARONS, J. C. MUNCIE and WM. HERNDON for appellant.

1. Failure to make the Commonwealth a party to the Stone suit, or to state its liens in the petition, rendered the sale void. (Civil Code, sec. 694, subsec. 3.)

2. The execution lien was superior to that of the unrecorded mortgage. (Righter v. Forrester, 1 Bush, 278; Low & Whitney v. Blincoe, 10 Bush, 332.)

3. Where an execution plaintiff and the purchaser at the execution sale both have notice of an unrecorded deed or mortgage before the sale, the title does not pass. (Low & Whitney v. Blincoe, 10 Bush, 331.)

Now ought the title to pass in a case like this in which all the parties to the action, including the purchaser at the decretal sale, had actual knowledge of the execution levy?

J. F. MONTGOMERY for appellee.

The holder of the unrecorded mortgage had a lien superior to that created by the levy of the execution. (Baldwin, &c., v. Crow, &c., 86 Ky., 679; Low & Whitney v. Blinco, 10 Bush, 331.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

At May term, 1890, of the Russell Circuit Court, a judgment was rendered in favor of the Commonwealth of Kentucky against E. Robinson for a fine, and in June an execution was issued and levied upon three acres of land and a mill. A motion was made for new trial, which was continued until the next term, though an order was, by consent, made that continuance of the motion should not affect right of the Commonwealth to cause the execution issued and levied.

It appears that in March, prior to the judgment, Robinson had executed a mortgage upon the same land and mill to Stone and J. W. Rexroat to secure payment of a debt amounting to about sixty dollars, though the mortgage was not recorded until after the execution in favor of the Commonwealth had been issued and levied. Still, as seems now to be well settled by this court, the mortgage lien was prior and superior to that acquired by the Commonwealth.

In September, 1891, the mortgagees instituted an action to enforce their lien, Robinson being sole defendant, and obtained judgment for sale of the land and mill to satisfy their debt, which took place in May, 1892, when H. P. Rexroat became purchaser at the sum of forty dollars, less than half value. December 24, 1892, the Commonwealth of Kentucky brought this action against Robinson, the two mortgagees and H. P. Rexroat, the purchaser, seeking to annul proceedings had in the action by the mortgagees, and a resale of the property.

Subsection 3, section 694, Civil Code, is as follows: "The plaintiff in an action to enforce a lien on real

property shall state in his petition the liens, if any, which are held thereon by others, and make the holders defendants ; and no sale of the property shall be ordered by the court prejudicial to the rights of the holders of any of the liens."

This provision was, it seems to us, intended to apply to a lien acquired by issue and levy of an execution and held by another than the plaintiff in such action as is therein mentioned, as well as any other lien ; for the language used comprehends all liens. It is true the property might have been sold under the execution, subject to the mortgage, before the action was instituted by the mortgagees, or the equity of redemption might have been levied on and sold after the judgment sale in May, 1892    But, although no sale under execution was made or attempted, nor any reason for non-action by the Commonwealth appears, still there is nothing in this record to show the lien acquired in June, 1890, has been waived or lost, and the Commonwealth had a right to be, and ought to have been, made a party-defendant to the action instituted in September, 1891, and should not now be prejudiced by failure of the plaintiff in that action to make it a party.    For if the holder of a lien can, by an action, subject encumbered property wholly to satisfaction of his debt, without making other lien-holders parties-defendant, that section is without any meaning or force.

What may be the attitude and rights of an innocent purchaser under such judicial sale as that made in the action by the mortgagees, we need not now determine ; for not only did the plaintiffs have notice of the execution lien of the Commonwealth when they instituted

their action, but the evidence clearly shows the pur-
chaser, H. P. Rexroat, had notice before the sale took .
place.

There is, in our opinion, no reason why that sale
should not be now set aside, and judgment rendered
for a resale and application of whatever of proceeds
may be left, after satisfying the mortgage debt, to the
demand of the Commonwealth of Kentucky.

Wherefore, the judgment dismissing this action is
reversed, and case remanded for proceedings consist-
ent with this opinion.