## HOLT, TRUSTEE IN BANKRUPTCY OF DAVIS, KELLY & CO., *v.* CRUCIBLE STEEL COMPANY OF AMERICA.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 183.    Argued March 4, 1912.—Decided April 1, 1912.

Under § 67a of the Bankruptcy Act of 1898, the effect to be given to an unrecorded chattel mortgage must be determined by the recording law of the State.

As construed by the highest court of the State, the term " creditors " as used in § 496, Kentucky Statutes, 1903, which declares that no mortgage shall be valid against purchasers without notice or creditors until recorded does not include antecedent creditors, or subsequent creditors whose claims are acquired with notice, but does include subsequent creditors without notice, who by diligence secure a specific lien before the mortgage is recorded; but that court has not specifically decided whether the term includes subsequent creditors without notice who have not so secured such lien.

The Circuit Court of Appeals having held that under the decisions of the highest court of the State bearing on the question, the term "creditors" as used in § 496, Kentucky Statutes, 1903, does not include subsequent creditors without notice who have not secured a lien on the property prior to the recording thereof, and this court not being able to say that such construction is wrong, *held* that the title of the holder of an unrecorded chattel mortgage on property in Kentucky is valid and effective as against the trustee in bankruptcy as to the creditors who became such after the mortgage was given and who had not fastened any lien on the property prior to the proceeding in bankruptcy.

174 Fed. Rep. 127, affirmed.

THE facts, which involve priority of claims against the bankrupts' estate, are stated in the opinion.

*Mr. H. H. Nettelroth,* with whom *Mr. John C. Doolan* was on the brief, for appellant:

The contest is a proceeding in bankruptcy between the

holder of an unrecorded chattel mortgage, on one side, and the trustee in bankruptcy, on behalf of certain subsequent creditors, on the other side.

As § 496, Kentucky Statutes, providing that no deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law, and lodged for record, has been construed, an unrecorded mortgage is invalid as to subsequent creditors without notice even though such creditors have fastened no lien upon the mortgaged property. *Wicks Bros.* v. *McConnell*, 102 Kentucky, 434; *Besten & Langan* v. *People's Messenger & Parcel Delivery Co.*, 99 S. W. Rep. 631; 30 Ky. Law Rep. 787; *Swafford's Adm'r* v. *Asher*, 105 S. W. Rep. 164; 31 Ky. Law Rep. 1338; *In re Ducker*, 134 Fed. Rep. 43; 13 Am. Bankruptcy Rep. 760.

*York Manufacturing Co.* v. *Cassell*, 201 U. S. 344, involved a similar question under the laws of Ohio, but under the laws of that State such creditors only who have obtained a lien may resist an unrecorded mortgage.

Appellant relies upon §§ 67a and b of the Bankruptcy Act.

*Mr. Keith L. Bullitt*, with whom *Mr. Wm. Marshall Bullitt* was on the brief, for appellee:

An unrecorded chattel mortgage is valid under § 496, Kentucky Statutes, as against subsequent creditors who have not reduced their claims to liens. The contract in this case is in effect a mortgage for the purchase price of the steel. *Baldwin* v. *Crow*, 86 Kentucky, 679; *Wicks* v. *McConnell*, 102 Kentucky, 434, 436; *Swafford's Adm'r* v. *Asher*, 31 Ky. Law Rep. 1338.

The lien of the unrecorded mortgage of the Crucible Steel Co. is superior to that of general unsecured creditors

whose debts were created subsequent to the execution of
the contract.

The rule in Kentucky prior to the decision of *Swafford's
Adm'r* v. *Asher*, 31 Ky. Law Rep. 1338, and *Besten &
Langan* v. *People's Messenger Co.*, 99 S. W. Rep. 631, and
the general rule throughout the United States, has been
that the term "creditors" includes only those who by judg-
ment, attachment, or otherwise, have obtained an interest
in, or a lien upon, the property covered by the mortgage,
*Button* v. *Rathbone*, 124 N. Y. 538; *Overstreet* v. *Mannering*,
67 Texas, 657; 8 Am. & Eng. Ency. of Law, 241; *Ayres* v.
*Duprey*, 27 Texas, 593; *McFadden* v. *Worthington*, 45
Illinois, 365; *Stewart* v. *Beale*, 7 Hun, 405; *Ransom* v.
*Schmela*, 13 Nebraska, 77; 12 N. W. Rep. 926; *Grace* v.
*Wade*, 45 Texas, 527; *Citizens' Bank* v. *Hibbs*, 11 Ky. Law
Rep. 441; *Underwood* v. *Ogden*, 6 B. Mon. 606 (Ky.); *Bailey
& Carter* v. *Welch*, 4 B. Mon. 244; *United States Bank* v.
*Huth*, 4 B. Mon. 423, 451; *Wicks Bros.* v. *McConnell*, 102
Kentucky, 534; *In re Ducker*, 134 Fed. Rep. 48; *In re
Doran*, 154 Fed. Rep. 471; *York Mfg. Co.* v. *Cassell*, 201
U. S. 344.

The rule in Kentucky has not been changed by the
decisions rendered in *Swafford's Adm'r* v. *Asher*, and
*Besten* v. *People's Messenger Co.*, *supra*.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.

This appeal brings up for review a decree reversing an
order of the District Court for the Western District of
Kentucky in a proceeding in bankruptcy. The matter
in dispute is the validity, under the recording law of that
State, of an unrecorded chattel mortgage as against cred-
itors who became such after the mortgage was given,
and without knowledge of it, where none of them had
secured a lien upon the mortgaged property by execution,

attachment or otherwise. The mortgagee, in making proof of its claim, asserted a lien under the mortgage and sought priority of payment out of the proceeds of the property covered by it. The claim was allowed, but the District Court, being of opinion that the mortgage was invalid as against the subsequent creditors without notice, held that it gave no right to priority of payment as against them. The mortgagee appealed to the Circuit Court of Appeals, and that court, taking the view that the mortgage was valid as against those creditors, since none had secured any specific lien upon the mortgaged property, sustained the right to priority asserted by the mortgagee. 174 Fed. Rep. 127. The trustee prosecutes the present appeal.

Section 67a of the Bankruptcy Act declares:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

And the applicable provision of the recording law of Kentucky (Stat. 1903, § 496) is as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deeds shall be acknowledged or proved according to law, and lodged for record."

It is apparent from the language of § 67a and from the decisions of this court in *York Manufacturing Co.* v. *Cassell*, 201 U. S. 344; *Thomas* v. *Taggart*, 209 U. S. 385, and other like cases, that the effect to be given to the unrecorded chattel mortgage must be determined by the recording law of the State; and it is also apparent that the question arising under that law turns upon who are included in the term "creditors" in § 496.

Upon that question the decisions of the Court of Appeals

of the State have not been uniform, but it is conceded, and is evident upon an examination of the more recent decisions, that the term does not include antecedent creditors, or subsequent creditors whose claims are acquired with notice of the unrecorded mortgage, but does include subsequent creditors, without notice, who by their diligence secure a specific lien upon the property, as by execution or attachment, before the mortgage is recorded. *Baldwin* v. *Crow*, 86 Kentucky, 679; *Wicks* v. *McConnell*, 102 Kentucky, 434; *Clift* v. *Williams*, 105 Kentucky, 559; *Bowles' Ex'r* v. *Jones*, 123 Kentucky, 395; *Swafford's Adm'r* v. *Asher*, 105 S. W. Rep. 164. And so, the question for decision is reduced to this: Does the term include subsequent creditors, without notice, who have not secured such a lien?

No case in that court has been called to our attention, and none has been found by us, in which this question was presented for decision and decided; but in two of.the later cases there are expressions bearing thereon which are respectively relied upon here. Thus, in *Wicks Bros.* v. *McConnell, supra,* where the prior cases were reviewed with the evident purpose of extracting a general and guiding rule, it was said: "On the one hand, the unrecorded lien is upheld as against creditors who cannot be presumed to have given credit upon the faith of the property held in lien. On the other hand, creditors who may be presumed on such faith to have given credit are protected as against the secret lien *in the rights which they secure by their diligence in the levy of their execution or attachment.*" (Italics ours.) And in *Swafford's Adm'r* v. *Asher, supra,* it was said: "As the mortgage was not recorded, *it would, of course, not be valid as to creditors whose debts were subsequently created;* but as to those whose debts were created prior to the purchase of the teams and the mortgage upon them the lien is valid, although not recorded as required by § 496 of the Kentucky Statutes of 1903, and,

as said before, *there is nothing to show that any debt of the estate was created after the purchase of the teams, except that of appellant, who had actual notice.*" As *Wicks* v. *Mc-Connell* was cited as sustaining this statement, it is not probable that the court regarded it as overruling or departing from what had been said in that case; and this view receives added support from the fact that the opinion in *Swafford's Adm'r* v. *Asher* was marked by the court "Not to be officially reported." These considerations, coupled with the further fact that in cases such as *Bowles' Ex'r* v. *Jones, supra,* where subsequent creditors prevailed over such a mortgagee, the court was careful to state, not only that the claims of the creditors arose after the date of the unrecorded mortgage, but also that the creditors had obtained attachment or other liens upon the mortgaged property before the mortgage was recorded, are persuasive that what was said in *Wicks Bros.* v. *McConnell* should be accepted as reflecting the true construction of § 496, in the absence of some more positive and direct ruling upon the subject by the Court of Appeals of the State. Such was the view of the Circuit Court of Appeals, and we are at least unable to say that it was wrong. It follows that, as here the subsequent creditors had not fastened any lien upon the property covered by the mortgage prior to the proceedings in bankruptcy by which the title passed to the trustee, the mortgage, although unrecorded, was valid and effective against them.

*Decree affirmed.*