In re PARSONS LUMBER & PLANING MILL CO.

(District Court, N. D. West Virginia. December 12, 1914.)

1. FRAUDULENT CONVEYANCES (§ 308*)—TRUST DEED—NECESSITY OF RECORD— "CREDITOR."

Failure to record a mortgage or trust deed is not a fraud on creditors as a matter of law, under the recording act of West Virginia; since the term "creditors," as used in Code W. Va. 1913, c. 74, § 5 (sec. 3835), providing that unrecorded conveyances shall be invalid as against creditors, means lien, and not unsecured, creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 923–940; Dec. Dig. § 308.*

For other definitions, see Words and Phrases, First and Second Series, Creditor.]

2. CORPORATIONS (§ 542*)—DEED OF TRUST—EXECUTION—LIABILITY OF DIRECTORS.

Code W. Va. 1913, c. 53, § 52 (sec. 2884), provides that corporate directors shall cause a record of their proceedings in all meetings to be properly kept, and that no member of the board shall vote on a question in which he is interested otherwise than as a stockholder, except the election of a president, or other officer, or employé, or be present at the board while the same is being considered. Held, that where the secretary and general manager of a West Virginia corporation executed a deed of trust of its property to secure certain stockholders and directors, including himself, for their liability as indorsers of certain of the corporation's paper, under a by-law purporting to give him unlimited power to control and manage its business, without any direction or vote at a regular meeting of either stockholders or directors, and withheld the deed from record during a time when debts on behalf of the company sufficient to render

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it wholly insolvent were incurred, and caused such deed to be recorded only a few weeks before the institution of bankruptcy proceedings, it was fraudulent and void, though ratified at a stockholders' meeting.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. § 542.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Parsons Lumber & Planing Mill Company. On petition to review a referee's order setting aside a deed of trust as a preference. Affirmed.

Samuel T. Spears, of Elkins, W. Va., for petitioning creditors.
A. Jay Valentine, of Parsons, W. Va., for defending creditors.

DAYTON, District Judge. The bankrupt is a corporation. W. H. McWhorter, W. G. Davisson, and R. J. Clifford, were stockholders and directors, and W. G. Davisson was secretary and general manager, thereof on November 12, 1912, when it purported to execute a deed of trust upon certain real estate in Parsons, Tucker county, W. Va., to secure W. H. McWhorter, W. G. Davisson, and R. J. Clifford as its indorsers upon notes aggregating $5,000 and renewals thereof, discounted in banks and the proceeds applied to its use. This deed of trust, made to D. A. Davisson, trustee, was executed, for and on behalf of the corporation, by W. G. Davisson, its secretary and general manager, under the authority of a by-law of the corporation conferring upon such officer the duty to control all the business affairs of the company, with power to purchase, sell, enter into contracts, and make deeds on its behalf. It was not authorized by a direct vote had at a regular meeting of either stockholders or directors, but its execution was ratified and confirmed subsequently, on December 30, 1912, by a stockholders' meeting.

This deed of trust, executed on November 12, 1912, as stated, was acknowledged November 13, 1912, but was not recorded until January 6, 1914, a few weeks before the corporation was adjudged bankrupt, In the body of the deed of trust erasures were made, whereby one lot of ground, originally embraced therein, was stricken out. These erasures are admitted by Davisson, the secretary and manager who executed it on behalf of the corporation, to have been made by him, but whether before or after its acknowledgment, or whether before or after its ratification by the stockholders' meeting, he is unable to state. In the course of the bankruptcy proceedings before the referee, W. H. McWhorter, one of the indorsers secured thereby, filed his petition, praying preference for these $5,000 of notes, proved by the bank owners in the cause, by reason of this deed of trust. Creditors contested the prayer of this petition, asserting the deed of trust to be void and constituting no lien. The referee sustained this contention of creditors, and at the instance of McWhorter this ruling of the referee is before me for revision.

The contention of creditors is that this trust deed is fraudulent and void, because (a) it was designed to give a preference and was withheld from recordation, and therefore subject to sections 2 and 5 of chapter 74 (sections 3830 and 3835) of the Code of West Virginia; (b) because

of the erasures made in it; and (c) because it was not authorized by action of the corporation's board of directors enrolled in the minutes of a meeting regularly held, in which minutes it affirmatively appeared that these three directors, McWhorter, Davisson, and Clifford, with-drew from the meeting and did not vote upon the question of its authorization.

[1] Since the decisions of Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756, Gilbert v. Pepper, 65 W. Va. 355, at page 364, 64 S. E. 361, 36 L. R. A. (N. S.) 1181, In re Charles Town Light & Power Co. (D. C.) 199 Fed. 846, and Davis v. Hanover Savings Fund Society (affirming the latter case) 210 Fed. 768, 127 C. C. A. 318, it is well settled that the mere failure to record a mortgage or deed of trust is not a fraud upon creditors as matter of law, for, in the Holt Case, the Supreme Court holds that the effect to be given such unrecorded instrument must be determined by the recording law of the state, and that the question arising under that law turns upon who are included in the term "creditors" in the state statute; while, in the Gilbert-Pepper Case the Supreme Court of Appeals of West Virginia has held that this term "creditors," as used in section 5, c. 74, of the Code, refers solely to lien and not to unsecured creditors. In the Davis-Hanover Case the Circuit Court of Appeals for this circuit has held that a transfer made by a bankrupt is to be judged, in determining the question whether or not it constitutes a preference, as of the time when it was made, and not of the time of its registration.

[2] At the time when this deed of trust was made, November 12, 1912, the evidence seems clear that this corporation was not insolvent; therefore section 2 of chapter 74 of the Code becomes inapplicable. The question in consequence, narrows itself down to whether or not, under all the facts and circumstances, this deed of trust was fraudulent in fact, in its execution, and on that account should be held invalid. In this connection, it is to be noted that in the Charles Town Light & Power Co. Case the unrecorded mortgage was executed to secure general bonds of the corporation, negotiable in character, which in good faith had been purchased by the banks, and that the failure to record the mortgage was not the direct fault of the banks, but of the trustee in the mortgage. These banks were in no wise interested, as stockholders, directors, or otherwise of the debtor corporation. Here the deed of trust was executed, not to directly secure the bank creditors, but to secure, for their surety obligation as indorsers, three men who were both stockholders and directors of the debtor corporation. It was not authorized by vote of the board of directors as required by section 52, c. 53, of the West Virginia Code, which expressly provides that directors shall cause a record of their proceedings in all directors' meetings to be properly kept, and that:

"No member of the board shall vote on a question in which he is interested otherwise than as a stockholder, except the election of a president or other officer or employé, or be present at the board while the same is being considered."

In construing this statute in Hulings v. Hulings Lumber Co., 38 W. Va. 351, 18 S. E. 620, where the lumber company had conveyed its

property to a trustee to secure its debt, and had preferred a firm composed of two of its directors, both of whom were present at this board meeting, when such conveyance was ordered and such preference directed, but did not vote on that question, the Supreme Court of Appeals of this state held the conveyance as to such preference to be prima facie fraudulent and void. In Hope v. Salt Co., 25 W. Va. 789, it is held:

(1) The relation existing between a director and the corporation is that of a trustee.

(2) Where a director of a corporation, dealing with the corporate property, obtains an interest in or control over the same for his own benefit or advantage, either with or without the consent of the other members of the board of directors, the transaction will be viewed with jealousy, and it will for slight grounds be set aside by a court of equity at the instance of those standing in the relation of beneficiaries of such property, or at the instance of some one claiming through or under them, who but for such advantage so obtained by such director would have the right to charge said property with the payment of their debts.

(3) Where a director of a corporation, claiming to be a creditor thereof, has obtained from his codirectors a deed of trust or mortgage upon the corporate property to the exclusion of other creditors, such transaction will be presumed to be fraudulent; but such presumption may be rebutted by clear and convincing evidence that the same is fair and reasonable and wholly free from all taint of fraud and unfairness.

In effect the law demands that a director, acting in a fiduciary capacity as trustee, must do nothing that will in any way give him personal advantage over any stockholder or creditor of the corporation, or either directly or indirectly do anything in his own interest calculated to deceive or mislead others, whether stockholders or creditors, to their injury. In this case can it be said that Davisson, McWhorter, and Clifford fulfilled this legal obligation resting upon them as directors, when they secured this deed of trust from the corporation? I think not. They ignored the Code requirement of securing its execution at a regular directors' meeting, with recorded minutes showing their withdrawal and refusal to vote for its authorization. On the contrary, they caused it to be executed by one of themselves as secretary and general manager, under and by virtue of a by-law giving him apparent unlimited power to control and manage the company's business. They then withheld this deed of trust from public knowledge, and incurred debts on behalf of the company sufficient to render it wholly insolvent, and only a few weeks before the institution of bankruptcy proceedings disclosed its existence. Davisson, as secretary and manager, executed the deed. Davisson thereby sought to secure himself and two codirectors for their personal indorsement on notes for $5,000 money borrowed. Davisson concealed the existence of this trust, and as manager incurred large debts for and on behalf of the company; in other words, secured others to give it credit which he and his two codirectors were not willing to obtain for it without being secretly secured by lien upon the company's real estate in a way that would largely destroy the security that such other creditors supposed they had in the unincumbered property of the company for the payment of their debts at the time they were contracted. This was clearly unjust and unfair, and brings

this trust deed under the ban of the law as fraudulent and void, so far as it seeks to establish a lien upon the property of the corporation for these debts.

Reaching this conclusion, it is not necessary to discuss the question of erasures in the deed, or any other objections.

It follows that the referee did not err in holding this deed of trust void, and as giving no lien preference to these three directors, and his decree in the premises must be in all respects affirmed.