## GETMAN v. LIPPERT.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

BANKRUPTCY ☞184(2)—DEED—RECORDING—PREFERENCE.

Where the bankrupt, more than four months before the filing of the petition, deeded real estate to his wife, but the wife did not record the deed until within the four months period, such failure to record did not render the conveyance a preference within the provision of the Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), that where the preference consists of a transfer the four months period shall not expire until four months after the date of the recording of the transfer, if by law such recording is required, since under the New York statutes the recording of deeds is not required, but is simply permissive, and does not in any manner affect the position of a general creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ☞184(2).]

Cochrane, J., dissenting.

Appeal from Special Term, Fulton County.

Action by Crawford O. Getman, as trustee in bankruptcy, against Agnes Lippert. From a judgment of the Supreme Court, entered

upon the decision of the court dismissing his complaint, plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Dudley & Dennison, of Johnstown (Alfred D. Dennison, of Johnstown, of counsel), for appellant.

John T. Morrison, of Johnstown, for respondent.

JOHN M. KELLOGG, P. J. We approve of the manner in which this case was decided by the Special Term and the grounds for the decision, as explained in the able opinion of Justice Borst at Special Term. We need only to refer to section 60b of the Bankrupt Law. The bankrupt deeded his real estate to his wife January 23, 1912. The deed, however, was not recorded until February 19, 1913. The petition in bankruptcy was filed June 11, 1913. The plaintiff contends that the recording having been within four months of the filing of the petition in bankruptcy makes the conveyance a preference under the section referred to. That section contemplates that a transfer made, or the recording or registering thereof, "if by law such recording or registering is required," shall be deemed a preference if within four months of the filing of the petition. Whether the recording of this deed is required by law within the meaning of the section depends upon the construction which the state courts have put upon our recording statutes. Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756. "The Bankruptcy Act does not operate as an attachment of the bankrupt's property, nor itself create a lien in favor of creditors of the class before us." Detroit Trust Co. v. Pontiac Bank, 237 U. S. 186, 35 Sup. Ct. 509, 59 L. Ed. 907.

The recording act of this state does not require a deed of real property to be recorded. The grantee may or may not record his deed as he chooses. The statute is permissive only. If he takes possession of the property deeded, there is no reason why he should record it, except to guard against the loss of the deed itself, or to facilitate a transfer of the title by obtaining an official search. The fact that he is in possession is notice to the world of such rights as he has, and there can be no purchaser in good faith against him arising from the fact that his deed is not recorded. If he does not take possession there is no other reason why he should record his deed, except to guard against the dishonesty or the possible innocent mistake of his grantor in deeding or mortgaging the property to another who may first record his conveyance. The Bankruptcy Law was passed to bring about an equal distribution of the assets of the bankrupt among his general creditors. The secured creditors have attempted to take care of themselves, and do not need the protection of this law. In fact the Bankruptcy Court is not interested in them, except to consider whether their security is valid against the general creditors, or whether a surplus above the secured debt can be saved for the benefit of the general creditors. It is, however, necessary for the bankruptcy courts, in marshaling the assets, to consider and pass upon the rights of secured creditors. This section having been adopted for the protection of the

general creditors, it should be given a construction to carry into effect that intention. The word "required" relates to the necessity of recording a transfer to make it valid against the creditors. Such a construction gives to the word all necessary effect to carry out the purpose of the statute.

We are not discussing the case of a chattel mortgage. There the filing of the mortgage is necessary to make it valid against many classes of creditors; and we have no quarrel with the cases holding that the word "required" in the statute, as applied to chattel mortgages, may be considered as indicating an intent to declare that an unrecorded chattel mortgage shall be deemed a preference. But the creditor under the laws of this state has no legal interest in the question whether a deed is or is not recorded. The record does not in any way or manner affect his position, and so far as he is concerned there is no reason why a deed should be recorded. There are some District Court decisions applying the same rule to a transfer of real estate as to a chattel mortgage under this section. In Matter of Hunt, 14 Am. Bankr. Rep. 416, 139 Fed. 283, Judge Ray, of the Northern District of New York, held that the recording of a deed of New York real estate was not required within the meaning of this section of the Bankruptcy Law. He introduced the bill in the House, and as it was introduced the words "or permitted" followed the word "required." The Senate, however, struck out those words, and he considered that action indicated that the section was to apply to absolute requirements and not to the mere permission to record a deed. In Matter of Boyd (U. S. Circuit Court of Appeals, Second Circuit, April, 1914) 32 Am. Bankr. Rep. 548, 213 Fed. 774, 130 C. C. A. 288, the same ruling was made.

This question having been directly passed upon by the District Court of this district and the United States Circuit Court of Appeals of this circuit, we feel it is unnecessary to consider the decisions in other courts based upon the statutes of other states. The cases cited interpret the law of our state, and should be given effect until they are overruled by a higher court.

We therefore conclude that the judgment should be affirmed, with costs. All concur, except COCHRANE, J., who dissents.