### In re DUKER AVE. MEAT MARKET.

(District Court, W. D. Kentucky. February 27, 1924.)

**Bankruptcy ⟨key⟩184(2)—Lien of unrecorded mortgage superior to lien of trustee for prior debts, but not subsequent debts.**

In Kentucky, a lien of an unrecorded chattel mortgage is superior to the lien of a trustee in bankruptcy for such debts as were created prior to the execution of the mortgage, but inferior to the trustee's lien for debts created thereafter, in view of Ky. St. § 496, and the amendment of 1910 to Bankruptcy Act, § 47 (Comp. St. § 9631).

In Bankruptcy. In the matter of the estate of the Duker Avenue Meat Market, bankrupt. On review of referee's ruling on petition of the Stimpson Computing Scale Company. Petition for review sustained.

Burnett, Batson & Cary, of Louisville, Ky., for Stimpson Computing Scale Co.

D. A. Sachs, Jr., of Louisville, Ky., for trustee.

MOORMAN, District Judge. The question presented on this review is whether the claim of the petitioner under a contract of conditional sale, held under the laws of Kentucky to be a chattel mortgage,

recorded on the day of, but after, the filing of the petition in bankruptcy, is superior to the lien claim of the trustee resulting from the adjudication. The question is controlled by section 496 of Kentucky Statutes,[1] as it is affected by the Bankruptcy Act (Comp. St. §§ 9585–9656).

It is contended by petitioner that he has a lien on the property covered by the mortgage superior to all debts antedating the taking of his mortgage, but inferior to the debts of all creditors created after that date, both, of course, being represented by the trustee. He relies on In re Ducker (D. C.) 133 Fed. 771, which was decided prior to the amendment of 1910 to the Bankruptcy Act.

The Court of Appeals of Kentucky, in construing section 496 of Kentucky Statutes, has held that an unrecorded mortgage is good as between the parties and against antecedent creditors, but not against creditors whose debts were created subsequently to the taking of the mortgage, and who without notice thereof have secured a specific lien upon the property, as by execution or attachment, before the mortgage is recorded. Cincinnati Leaf Tobacco Warehouse v. Combs, 109 Ky. 21, 58 S. W. 420; Jewell v. Cecil, 177 Ky. 822, 198 S. W. 199. See also Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756, and authorities there cited.

The amendment of 1910 to Bankruptcy Act, § 47 (Comp. St. § 9631), provides that a trustee in bankruptcy "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings." This, the trustee contends, gives to him a lien for the benefit of all creditors superior to the lien of petitioner, notwithstanding the Ducker Case, supra.

In support of the contention reliance is had on Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, where it was held that the recording law of Kansas rendered a contract of conditional sale valid, whether filed for record or not, but void as against a creditor of the vendee who had fastened a lien upon the property by execution, attachment or like legal process, before the contract was filed for record. It was further held in that case that the "rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings" were vested in the trustee as of the date of the filing of the petition. The case is not in point further than it defines the "rights, remedies and powers" of the trustee as lienholder in their relation to the recording laws of the state where the property is located.

In Potter Manufacturing Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268, 34 Am. Bankr. Rep. 75, the court had

---

[1] No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

The word "creditors" as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

under consideration a statute of the state of Ohio, and, although it held that the title of the trustee in Bankruptcy was good as against an attempt at reclamation by the holder of an unrecorded conditional contract of sale, it seems to have assumed, in the absence of a showing to the contrary, that none of the creditors represented by the trustee became such after the bankrupt procured the machine. The opinion quotes the provision of the amendment of June 25, 1910, to the effect that the trustee shall be "vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," and points out that "the nature and extent of these 'rights, remedies and powers' must be determined by the law of the state, where not inconsistent with the Bankruptcy Act."

The mortgage held by petitioner was executed and delivered to him contemporaneously with the sale and delivery of the mortgaged property to the bankrupt, and was put to record within a few days thereafter. The question, therefore, is whether the trustee, being in the position of a creditor holding a lien by legal or equitable proceeding, is entitled, under section 496 of Kentucky Statutes, to have his claim adjudged superior to that of the petitioner, the holder of an unrecorded mortgage.

In Baldwin v. Crow, 86 Ky. 679, 7 S. W. 146, it was held that the holder of an unrecorded mortgage on personal property, upon which a subsequent creditor of the mortgagor has levied an execution, may, at any time before the sale under the execution, give notice to the execution creditor of his mortgage and enforce his mortgage lien in preference to the lien acquired by the levy of the execution. To the same effect is Commonwealth v. Robinson, 96 Ky. 553, 29 S. W. 306.

The trustee, under the Bankruptcy Act, is given the lien of a creditor acquired by "legal or equitable proceedings"; i. e., one acquired by attachment, execution or execution levy. The status of such a lien, in so far as it relates to other liens, must be determined, as stated in the Potter Manufacturing Co. Case, by the laws of the state in which the property is situated; and, as has been seen, if based on an antecedent debt, it is, under the rulings of the Court of Appeals, inferior to an unrecorded mortgage. This construction of the statute of the state is not inconsistent with the Bankruptcy Act, but is a definition of the law of the state as to the "rights, remedies and powers" of a creditor holding a lien by legal or equitable proceeding in respect to the rights of a subsequent creditor holding an unrecorded mortgage. It must therefore be held that the lien of the petitioner on the mortgaged property is superior to the lien of the trustee for such debts as were created prior to the execution of the mortgage, but inferior to the trustee's lien for such debts as were created after the execution of the mortgage.

The petition for review is sustained, and the referee is directed to permit an amendment to the prayer of the petition to conform to the allegations of a lien.