2 F.2d 699 (1924)
In re DUKER AVE. MEAT MARKET.
JOHNSON
v.
STIMPSON COMPUTING SCALE CO.
No. 4096.
Circuit Court of Appeals, Sixth Circuit.
December 8, 1924.
D. A. Sachs, Jr., of Louisville, Ky., for petitioner.
Burnett, Batson & Cary, of Louisville, Ky., for respondent.
Before DENISON, MACK, and DONAHUE, Circuit Judges.
*700 MACK, Circuit Judge.
The question before us is whether and, if so, to what extent the rights of the holder of a Kentucky purchase-money chattel mortgage, recorded only after the mortgagor's adjudication in bankruptcy, are superior to those of the trustee in bankruptcy.
Inasmuch as under the amendment of June 25, 1910, to section 47(a) of the Bankruptcy Act (Comp. St. § 9631), the trustee is vested "with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," the title vested in the trustee would be subject to the mortgagee's lien only for such sum as the mortgagee would have been entitled to as against all other creditors whose rights at the filing of the petition in bankruptcy were under Kentucky law subject to the mortgage. It is now well settled that under the 1910 amendment of the Bankruptcy Act, § 47a, the trustee's rights as against the mortgagee are not dependent upon an actual lien obtained by a creditor before bankruptcy; he has whatever rights any and all creditors could under the state law have obtained by legal or equitable proceedings before bankruptcy. Potter Mfg. Co. v. Arthur, 220 F. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268 (C. C. A. 6). Therefore the determination of the extent of the lien depends upon the construction of section 496 of the Kentucky Statutes, copied in the footnote,[1] of which the second paragraph was added by amendment of 1916.
1. The word "creditors," in section 496, before the amendment of 1916, was held not to include either antecedent creditors or such subsequent creditors as at the time they obtained a lien had notice of the then unrecorded mortgage. Therefore only those creditors whose claims arose subsequent to the mortgage could obtain a lien ahead of the mortgage by attachment or execution, and this only if they levied without knowledge of the mortgage and before it was recorded. Holt v. Crucible Steel Co., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756; Jewell v. Cecil, 177 Ky. 822, 198 S. W. 199.
2. The District Judge in this case decided on February 14, 1924, in accordance with the mortgagee's contention and concession, that the lien of the mortgagee was "superior to the lien of the trustee for such debts as were created prior to the execution of the mortgage but inferior to the trustee's lien for such debts as were created after the execution of the mortgage." In other words, under his decision on a sale of the mortgaged property there would be apportioned to the trustee an amount equal to the sum total of all debts created only after the execution of the mortgage, leaving the mortgage lien to be satisfied out of the surplus, if any.
3. In Dougherty v. Petty, decided April 26, 1924, by Judge Field in the common pleas branch of the Jefferson circuit court, First division, the 1916 Kentucky amendment was construed to abolish the distinction between antecedent and subsequent creditors, thereby giving the former the same rights as the latter. But the court further held that as purchasers with notice of the unrecorded mortgage were not protected as against such a mortgagee, "all creditors" was to be limited to those who had no notice of the mortgage when their lien was obtained. Under this construction of the statute, the trustee would have priority for an amount equal to all debts, whether created before or after the execution of the mortgage, except only those due to creditors who at the time of filing the petition had notice of the mortgage.
4. The contention that the trustee is himself a subsequent creditor without notice is without merit; he is not a creditor at all; he merely represents the creditors and by virtue of the Bankruptcy Act is vested with whatever rights any or all of them might have had as against the mortgagee at the date of filing the petition in bankruptcy.
5. The 1916 amendment must be construed in the light of the narrow construction of the word "creditors" in the original statute, in which it was used without any qualifying word or phrase. Neither the District Judge nor Judge Field has given the word "all" its broadest meaning; the former excluded antecedent creditors; he had no occasion to determine whether or not subsequent creditors without a specific lien were likewise excluded; the latter included antecedent creditors but excluded all creditors without a specific lien or with notice of the mortgage at the time they acquired the specific lien.
That the amendment was intended to broaden the rights of creditors is clear; that creditors with notice of the unrecorded mortgage are to be excluded, we think, is clear for the reasons stated by Judge Field; it is *701 unnecessary in this case to determine whether, in proceedings other than bankruptcy, creditors without notice but also without specific liens would likewise be excluded, inasmuch as by the 1910 Bankruptcy Act amendment the trustee takes the rights of creditors who could have, even though they have not, obtained a lien. There remains then the question whether or not the rights of antecedent as well as subsequent creditors, who at the date of filing of the petition in bankruptcy are without notice of the mortgage, are to be deemed superior to the lien of the mortgage.
It would seem that if they are subordinated, little, if anything, would have been accomplished by the amendment. On the one hand, the phrase "all creditors" as distinguished from "creditors" would literally include those antecedent as well as those subsequent to the execution of the mortgage; on the other hand, this phrase is qualified by the following clause which could be construed as indicating that "all" was not to be given a literal meaning but only creditors as used in the original statute, irrespective, however, of whether such creditors shall have acquired a lien by proceedings involuntary as to the debtor or shall have obtained a title by conveyance voluntary as to the debtor.
In the absence of a decision of the Court of Appeals of Kentucky, and with full recognition of the difficulty of determining the true meaning of the statute, we believe that it should be liberally construed as against what the Legislature deemed an evil, secret liens, and therefore to protect antecedent as well as subsequent creditors.
Petition to revise granted, and cause remanded.
NOTES
[1] "No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word `creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."