# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### In re FROST.

### Petition of PRICE.

(Circuit Court of Appeals, Sixth Circuit. April 16, 1926.)

#### No. 4419.

Bankruptcy ⇐184(2)—Under Kentucky statutes, lien of unrecorded chattel mortgage is invalid as to all creditors, antecedent or subsequent, represented by bankruptcy trustee (Ky. St. § 496, as amended in 1916; 1910 amendment to Bankruptcy Act, § 47 [Comp. St. § 9631]).

Under Ky. St. § 496, as amended in 1916 (Acts 1916, c. 41), and in view of 1910 amendment to Bankruptcy Act, § 47 (Comp. St. § 9631), lien of chattel mortgage, or its equivalent, given by bankrupt prior to, but not recorded until after, bankruptcy, is invalid as to all creditors, antecedent or subsequent, represented by bankruptcy trustee.

Knappen, Circuit Judge, dissenting.

Petition to Revise an Order of the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

In the matter of Stanley Frost, bankrupt. On petition of W. Preston Price to revise an order of the District Court (9 F. [2d] 128), adverse to bankruptcy trustee. Reversed and remanded.

Grover C. Thompson and Thompson & Thompson, all of Lexington, Ky., for petitioner.

Wallace Muir and Chester D. Adams, both of Lexington, Ky., for respondent.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. This case, coming from Kentucky, presents again the

question as to the rule in that state concerning the respective rights of a trustee in bankruptcy and the holder of a chattel mortgage or its equivalent given by the bankrupt some time before, but not recorded until after, the bankruptcy. In the construction of this recording statute it became the established law in Kentucky that such an unrecorded mortgage was invalid as against those who became creditors after the mortgage was given, but might be valid as against then existing creditors. This Kentucky rule was recognized and given due effect in bankruptcy cases by this court and by the Supreme Court. Crucible Steel Co. v. Holt, 174 F. 127, 98 C. C. A. 101; Id., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756. After this decision, and in 1916, the statute was amended by adding the following: "The word 'creditors' as used herein shall include all creditors, irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

In the Duker Case, 2 F.(2d) 699, we had to determine the effect of this amendment upon the rights under the Bankruptcy Act of antecedent creditors. The question was whether "all creditors" was intended to apply to "creditors" as that term had been construed in the older act, viz. subsequent creditors only, and hence was effective merely to abolish existing distinctions between subsequent creditors who had and those who had not secured a lien, or whether it referred to all classes of creditors, antecedent and subsequent, and hence was effective to abolish the existing distinctions between those two classes. In the Duker Case we reviewed the federal and state decisions up to that time, and concluded that

the phrase should be given the second or broader construction. It may perhaps be said that the scale was turned in the Duker Case, and the doubtful question of construction decided as it was by the considerations that in bankruptcy equality among creditors is the desired condition; that it seems something of an anomaly for a trustee representing some creditors to have rights superior to himself as representing other creditors; and that such inequality should not be recognized in the bankruptcy courts unless statutes by their unambiguous words or by authoritative construction imperatively so require.

Our decision in the Duker Case recognized that the subject involved was one upon which we must follow the Kentucky Court of Appeals as to any rule clearly established by that court. Before the present case was decided in the District Court, the Kentucky Court of Appeals decided Mason v. Scruggs, 207 Ky. 66, 268 S. W. 833. The District Court, in a careful and elaborate opinion, analyzed and reviewed all the Kentucky cases, and concluded that according to their true intent the amendment of 1916 (Acts 1916, c. 41), like the original statute, applies only to subsequent creditors, and that Mason v. Scruggs should be taken as recognizing and affirming this rule. In so far as Mason v. Scruggs seems to go further, and to make the unrecorded mortgage invalid also as against some antecedent creditors, the District Court seems to think it distinguishable from the present case, and accordingly held that, in so far as the trustee represented creditors whose claims accrued after the giving of the unrecorded mortgage, it was invalid, but that it should be enforced as against the interests of those creditors represented by the trustee whose claims accrued before the giving of the mortgage, and directed a handling of the matter quite appropriate to give effect to this conclusion. That opinion is reported in Re Frost, 9 F.(2d) 128, and should be read in connection with Judge Cochran's further study of the matter as reported in Re Berea Co. (D. C.) 9 F.(2d) 135.

In the Mason-Scruggs Case it appears that Scruggs is assumed to be a creditor whose claim existed prior to July; that in that month the debtor gave a mortgage to Mason; that in September the debtor delivered the mortgaged property to Scruggs as a pledge to secure his then existing and earlier debt; and that the mortgage was recorded in October. In the course of a declared effort to clarify the statute the court says: "We have come to the conclusion that the expression 'all creditors' therein means subsequent creditors, whether they be secured or unsecured, and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property." Thereupon it was held that Scruggs' right under the statute to claim that the mortgage was invalid as against him was not affected by the fact that he was an antecedent and not a subsequent creditor, and judgment was rendered in favor of Scruggs, the antecedent creditor.

The opinion of the District Court points out what seems to be rather hopeless inconsistency between parts of the Mason-Scruggs opinion and the result reached; indeed, since the amendment of 1916 declares that it makes no difference whether the creditor has or has not secured a lien, it is not easy to see how this distinction can be abolished as to subsequent creditors, and yet preserved as to antecedent creditors; but, regardless of this, we are bound to accept and to apply the point actually decided by the court, and that was that the unrecorded mortgage was invalid as against that particular antecedent creditor.

Since, under the bankruptcy amendment of 1910 (Bankruptcy Act, § 47 [Comp. St. § 9631]), a trustee has the rights that any and every creditor would have had, if that creditor, at the date of the petition, had an execution levy, it follows that the only question now open is whether in Mason v. Scruggs the result would have been different if Scruggs had been a creditor with an execution levy, instead of a creditor with a voluntary conveyance as security. We are unable to see any sound distinction. The amendment itself, as to whatever creditors it may be speaking of, declares that it is unimportant whether their lien was acquired by voluntary conveyance, or by legal or equitable proceedings, thus plainly reaching an execution creditor. It seems plain, also, that in using the phrase "acquired an equity" the Kentucky court could not have intended to give to the word "equity" any technical and limited sense, for in that sense Scruggs did not have an equity. It is not inappropriate nor uncommon to say that any one who has any interest in the title to property, legal or equitable, or any lien thereon, has an equity in the property, and in the absence of any apparent reason for supposing that the Kentucky court did not use the word in this common and broad sense, we must think that it did.

It may very well be that the implication (not holding) of the Mason-Scruggs opinion, to the effect that the unrecorded mortgage will be valid against *some* antecedent creditors, depends on the rule, common in many states, that no one who is merely a creditor at large can contest an unrecorded mortgage, for he must first fasten upon the property in some way in order to give him any standing to object to the lack of record, and carries the inference that all creditors who have fastened upon the property are considered to be within the class benefited by the rule of the opinion. The Kentucky court may or may not have had in mind the fact that by effect of the Bankruptcy Act all creditors at the date of the petition did acquire, through the proceeding, a lien upon the property; but its language permits that construction, such a construction will tend to uniformity, and in all cases where a mortgage is not recorded until after the bankruptcy the rule will be simple and clear; it is invalid as against all creditors. If the mortgage is recorded before the bankruptcy, there will seemingly be room for the operation of the distinction which perhaps the Kentucky court was intending to preserve between prior and subsequent creditors. It may be important to note that the old line of cases in Kentucky, which held an unrecorded mortgage valid as against an attaching (antecedent) creditor, were based on the theory that, as between equities, the prior will prevail, while in Mason v. Scruggs, by virtue of the statute as amended, the later equity was preferred. The necessary effect seems to be that the rule of this line of cases cannot survive the amended statute.

With this view of the Mason-Scruggs opinion, we do not find it inconsistent with our conclusion in the Duker Case. The order presented for revision is reversed, and further proceedings will be had pursuant to the views herein expressed.

KNAPPEN, Circuit Judge, dissents.