By the Court.
 

 This was an action to marshal liens. The specific question presented is the validity of a mechanic’s lien, where, in certain particulars, the affidavit does not comply with the requirements of the statute. Upon hearing on appeal, the Court
 
 *469
 
 of Appeals held that the affidavit in question was deficient, and that the lien asserted by C. C. Constance
 
 &
 
 Sons in their cross-petition was therefore not legally established against the property involved. Among other requirements of the statute providing for the • assertion of mechanic’s liens is one that the affidavit must state “the amount due over and above all legal setoffs.” Section 8314, General Code. The affidavit in question contains no allegation that the amount stated to be due for materials furnished and for which the lien is claimed was the amount due over and above all legal set-offs. The question presented is whether the deficiencies of the affidavit by reason of its failure to show that the amount claimed was over and above all legal set-offs may be supplied by evidence and the defect of the affidavit in that respect corrected by extraneous proof.
 

 Our mechanic’s lien law contains the provision that the same shall be liberally construed in so far as it is remedial, but this does not justify the relinquishment of a mandatory requirement of the law respecting the perfection of a lien. This statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied.
 
 Mahoning Park Co.
 
 v.
 
 Warren Home Development
 
 Co., 109 Ohio St., 358, 142 N. E. 883, and cases therein cited.
 

 Judgment affirmed.
 

 Marshall, O. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.