## MARCUM v HOME LOAN AND BUILDING ASSN et, (2 cases)

Ohio Appeals, 1st Dist, Butler Co

Nos 571 & 572. Decided May 8, 1933

Baden & Fiehrer, Hamilton, for plaintiffs in error.
.Frank P. Richter, Hamilton, and Giffin & Haines, Hamilton, for defendant in error.

### OPINION

By ROSS, J.
The allegations of the cross-petitions show that the lien claimants were subcontract-

ors and brothers of the general contractor. That they knew that their brother had left the city for parts unknown. It is alleged that they therefore served the preliminary affidavits mentioned in §8312, GC, upon the owner directly.

The demurrers raise the question whether this is compliance with the requirements of the statute.

Sec 8312, GC, is quite a long section with many provisions. It is headed "Statement of original contractor to owner before payment—affidavit." The section first provides for a sworn statement to be filed with the owner by the original contractor and then there follows a form headed "Affidavit (Sub/Original) Contractor"; following this form is a "Note:—This statement must be accompanied by a similar sworn statement signed by each of the sub-contractors listed below:" Then follows the further affidavit of the original contractor as to material furnished and a similar provision as to certificate by material men. Following is a like provision as to labor and a form for material men. The section then provides that the original contractor shall also deliver to the owner sworn statements from each subcontractor accompanied by like certificates from every person furnishing material to such subcontractors, and that the owner shall retain out of money due or to become due the principal contractor an amount sufficient to pay the demands of the subcontractors, laborers and material men—"as shown by the contractor's and subcontractors' statements and certificates of material men * * * and shall pay the same to them according to their respective rights." It is then provided that "Until the statements provided for in this section are made and furnished in the manner and forms as herein provided, the contractor shall have no right of action or lien against the owner * * * on account of such contract and the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor until he shall have furnished such statements." The section then provides that payments made by the owner before such statements are made unless sufficient is retained to pay such subcontractors, laborers and material men, shall be illegal.

It is also provided that when the owner cannot be found in the county, it shall not be necessary for the contractor or subcontractor to deliver the statement as a prerequisite to obtaining a lien or instituting a proceeding.

Sec 8313, GC, provides that where the principal contractor has omitted the name of any person furnishing material or labor, that the notice may be served direct upon the owner.

It is urged, in support of the demurrers, that the provisions of §8323-3 GC are conclusive upon the lien claimants and that the service therein provided for should have been used. This section is as follows:

"Sec 8323-3 GC. Any notice, affidavit, or copy required to be served under the provisions of this chapter also may be served by the sheriff of the county within which the person, firm or corporation sought to be served is resident, in the manner and form, and for which he shall be entitled to the fees provided by law for service of summons in civil action for money only, or the same may be served by registered letter addressed to such person, firm or corporation, and proof that such notice, affidavit or copy was mailed by registered letter to the last known place of residence of such person, firm or corporation shall be conclusive proof of service. In any proceeding to enforce the lien granted herein service may be made by publication as in civil actions."

One other section also must be considered. §8323-8, GC, provides as follows:

"Sec 8323-8 GC. This act (§§8310 to 8323-10 GC) is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for and to give jurisdiction to the court to enforce the same."

Our Supreme Court has very definitely taken the position that this last section of the code has no application until after the creation of the lien. The lien laws being in derogation of the common law, the steps prescribed by the statute to perfect the lien must be followed. Constance & Sons v Lay et, 122 Oh St 468; Clapp Co. v Fox, 124 Oh St 331; The Mahoning Park Co. v The Warren Home Development Co., 109 Oh St 358.

If then, there is in the statute a definite procedural requirement imposed upon the subcontractor as a prior and antecedent condition to his acquiring a lien, this requirement must be met fully and in exact compliance with the statute or there can be no lien. A reading of the statute clearly indicates that the notice to be served by the principal contractor upon the owner

must be accompanied by a similar notice or certificate filed by the subcontractor with the principal contractor, and it is also perfectly manifest that the purpose of this is to advise the owner of the claim of the subcontractor.

The cross-petition is silent as to whether such notice was filed by the original contractor. It is alleged that he abandoned the work and left his home and that no one knew where he had gone. If the subcontractor had availed himself of the statute providing for alternative service of notice through the sheriff or by registered mail, he would have done a vain and futile thing of no possible benefit to the owner and wholly contrary to the spirit and manifest purpose of the statute in requiring notice to the owner of the claim of the subcontractors. It will be noticed that the statute in limiting the subcontractors right to lien states: "and the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor until he shall have **furnished** such statements." The statute does not specifically say to whom except by inference in requiring the original contractor to furnish the owner with the attached certificate of the subcontractor.

In the instant case, the subcontractor did the thing which is within the evident intent of the statute, viz: saw to it that the owner was advised of his claim. He did furnish such statement, and we consider brought himself within the provision of §8323-8 GC entitling him to the "beneficial results, intents and purposes" of the law, in that there was "substantial compliance with its several provisions" insofar as was humanly possible and certainly in such a manner as to best safeguard the interest of the owner and also within a reasonable and fair interpretation of the language used in the statute.

Such procedural steps as are definitely indicated having been followed by the subcontractor in a manner consistent with the intent of the statute to protect the owner, we consider the application of §8323-8 GC not to be in conflict with the decisions of the Supreme Court hereinbefore noted.

It is our conclusion therefore, that the demurrers should have been overruled and the judgments of the Common Pleas Court are reversed and the cases remanded for further proceedings according to law.

HAMILTON, PJ, and CUSHING, J, concur,