## WELLS v. RUTKOWSKI.

## In re CLEVELAND STRUCTURAL STEEL CO.
### No. 6356.

Circuit Court of Appeals, Sixth Circuit.
Feb. 16, 1934.

HICKENLOOPER, Circuit Judge, dissenting.

---

Thompson, Hine & Flory, of Cleveland, Ohio, for appellant.

Krueger & Davis, of Cleveland, Ohio, for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The only question to be decided upon this appeal is whether a chattel mortgage upon assets of the bankrupt corporation, asserted as security for a claim pressed by the appellee against the trustee in bankruptcy, and duly recorded more than four months prior to the filing of the petition, created a valid lien against the bankrupt's estate in view of the requirement of section 8564, Ohio General Code.

Under the law of Ohio, a mortgage of goods not accompanied by immediate delivery, and not followed by actual and continued change of possession, is absolutely void as against the mortgagor's creditors, unless verified as directed by section 8564, which reads as follows: "The mortgagee, his agent, or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only. If given to indemnify the mortgagee against a liability as surety for the mortgagor, such sworn statement shall set forth the liability and that the instrument was taken in good faith to indemnify against loss that may result therefrom."

The bankrupt was the Cleveland Structural Steel Company, a corporation, of which George S. Gray was vice president and general manager. The chattels covered by the mortgage were originally the property of John Rutkowski, husband of the appellee. He negotiated for their sale with Gray individually. Gray was to pay John Rutkowski $20,000, of which $15,000 was to be represented by notes secured by a chattel mortgage. An instrument was evidently drawn showing Gray to be the mortgagor and John Rutkowski to be the mortgagee, which instrument had indorsed thereon an affidavit in pursuance of the requirements of the statute which was intended to show upon oath of the mortgagee therein named the amount of the claim, and that it was just and unpaid.

Before negotiations were concluded, Gray decided to bring about the organization of the bankrupt corporation, purchase the chattels on its behalf, and to have it execute the notes and the mortgage. Rutkowski concluded to have the mortgage and notes run to his wife and not to himself. Instead of drawing a new mortgage, the one already prepared was used. The name "John" in the granting clause was erased, and the name "Agnes" substituted. The name of the mortgagor Gray, was not changed, nor was any change made in the affidavit indorsed upon the instrument. The mortgage and notes were then executed by the corporation. The result was an instrument which purported to be a mortgage from Gray to Agnes Rutkowski, but which was in fact executed by the Cleveland Structural Steel Company, and had thereon the affidavit of John Rutkowski to the effect that he was the mortgagee and Gray the mortgagor of "the within mortgage"; that Gray was indebted to John Rutkowski in the sum of $15,000; that the claim was just and unpaid; and that to secure the payment of the same the within mortgage had been executed to him in good faith. The mortgage was duly offered for record and received. We may assume, and it is in fact conceded, that it was recorded and indexed as the mortgage of the Cleveland Structural Steel Company, by which it was executed.

The referee found that the corporation had executed its promissory notes to the appellee; had executed the chattel mortgage; that John Rutkowski was the affiant named in the affidavit indorsed thereon; that the mortgage was legally filed with the recorder; that the changes made in the instrument were known to all parties, were made in good faith; and that there was no evidence of fraud. He concluded as a matter of law that John Rutkowski's evidence that he was the agent of his wife was not admissible, and that for that reason the affidavit indorsed upon the mortgage was not a compliance with the statute, and the mortgage not a lien on the chattels as against the creditors of the bankrupt and the bankrupt's trustee. The District Judge accepted the findings of the referee, but not his legal conclusions, and reversed the referee's order. We are asked to hold the mortgage void as against the trustee because its filing was not in compliance with Ohio law.

The purpose of section 8564 in preventing the giving of colorable mortgages by debtors for the purpose of covering up their property and hindering and delaying creditors is explained by the Ohio Supreme Court in Benedict v. Peters, 58 Ohio St. 527, 51 N. E. 37, where it is said that the statement required to be made under oath on the mortgage as to the amount of the claim, and that it is just and unpaid, is vital to the spirit of the statute in the light of the mischief it was intended to prevent. Where there is nothing in the certificate that would mislead any one, it has been held that a substantial compliance with the statute is sufficient. Gambrinus Stock Co. v. Weber, 41 Ohio St. 689, citing Ashley v. Wright, 19 Ohio St. 291, and Gardiner v. Parmalee, 31 Ohio St. 551. When we examine the affidavit indorsed upon the mortgage, its imperfections and erroneous recitals of course at once appear, but in respect to the specific requirements of the section which, in the language of Benedict v. Peters, supra, are vital to its spirit, namely, the amount of the claim and that it is just and unpaid, the affidavit would seem to be a substantial, if not indeed a literal, compliance with the Code, notwithstanding that other recitals or references not required are erroneous. No fraud is here proved or claimed, and it must be axiomatic, both to legal and lay minds, that the obligations of a mortgage attach to the party executing it rather than to one erroneously named in the granting clause.

Cases are cited by the appellant wherein affidavits upon mortgages given for indemnity were held to be insufficient, in that they failed to indicate the true character of the liability. Hanes v. Tiffany, 25 Ohio St. 549; Blandy v. Benedict, 42 Ohio St. 295. These cases do not construe the statute in respect to mortgages given to secure the payment of a sum of money only. What consideration was there given to the distinction between the wording of the first sentence of section 8564 and that of its second sentence, we are unable to say, but it would seem as though a requirement to "set forth the liability" is much broader than one merely requiring a statement of "the amount of the claim," and the mandate to state that the mortgage was given to indemnify against loss is of course clear and unequivocal.

The judgment below is affirmed.[1]

---

[1] The late Circuit Judge HICKENLOOPER, in conference, dissented from the conclusion herein expressed.