## J. M. & L. A. OSBORN CO. v. WELLS.

### No. 6411.

Circuit Court of Appeals, Sixth Circuit.
March 8, 1934.

W. B. Lutton, of Cleveland, Ohio (E. C. Theller, of Cleveland, Ohio, on the brief), for appellant.

Alfred I. Soltz and Joseph Brover, both of Cleveland, Ohio (Alfred I. Soltz, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and NEVIN, District Judge.

PER CURIAM.

The only question involved in the appeal is whether a mortgage of chattels, which fails to recite the residence or place of business of either mortgagor or mortgagee, or the place where the mortgaged property is located, is void as against the mortgagor's trustee in bankruptcy, as found by the referee and the court below.

The rule in Ohio does not differ from the general rule that a mortgage to be valid against creditors must describe the mortgaged property with sufficient definiteness to enable third parties to identify the property subject to the mortgage lien, but it is said that a description is sufficient which enables third persons to make such identification "aided by inquiries which the instrument itself suggests." Matter of the Assignment of Rice, 18 Ohio N. P. (N. S.) 489; Jones, Chattel Mortgages (4th Ed.) 62, or as it is sometimes said, the description must contain some hint which will direct the attention of those reading the mortgage to some source of information which will enable third persons to identify the mortgaged property. Barrett v. Fisch, 76 Iowa, 553, 41 N. W. 310, 14 Am. St. Rep. 239.

It is therefore argued that since the name of the mortgagor contains the word "Cleveland," the mortgage immediately suggests the business place of the mortgagor, and the location of the property, and easy reference to the telephone or city directory will at once supply the more specific particulars with which to make identification complete. We think this does not follow. Instances at once come to mind where a geographical connotation in the style under which many business houses conduct their operations suggests nothing at all as to their place of business, or if so, may be wholly misleading. Moreover, as the court below so aptly pointed out, every mortgage must have a mortgagor, and, if naming him is a sufficient identification of his property and its location, there is nothing left of the rule requiring a definite description of the property in the mortgage.

Even were we to concede validity to the argument in support of the appeal, and hold that the word "Cleveland" indicates the mortgagor's place of business to be in the city of that name, and that an inquiry is thereby suggested to the directory for its street address, there is still in our judgment a failure of identification, for there can be no compelling inference that the mortgaged property is located at the place of business thus ascertained. We find no error in the holding that the mortgage is void as against the trustees, and the order below is affirmed.