### In re COMET TEXTILE CO., Inc.

District Court, S. D. New York.

Aug. 4, 1936.

David Haar, of New York City, for trustee.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for Chelsea Factors Corporation.

PATTERSON, District Judge.

The question is the validity of a lien claimed under the New York Factors Act (New York Personal Property Law [Consol.Laws, c. 41] § 45). The gist of that act is that, where so provided by written agreement, factors, consignees, commission merchants, and pledgees shall have a continuing lien for their loans or advances on all goods consigned to or pledged with them, whether in their possession or not, and on accounts receivable or proceeds of sale of such goods, provided a sign with the name of the lienor and a designation as lienor, factor, or consignee be placed conspicuously at the main entrance of the premises at which the goods are kept, and

964

also provided a notice of lien specifying the names of the parties, character of goods, and period of time during which loans or advances may be filed in a designated public office. The lien may cover goods then in possession of the borrower or goods thereafter acquired, and is effective from the time of filing the notice "as against all claims of creditors in or against such merchandise thereafter arising." It is also enacted that the act is to be construed "liberally"; that a "substantial compliance" with its provisions shall suffice for the validity of the lien.

The bankrupt was in the business of manufacturing gloves. On October 22, 1934, it made a written agreement with Chelsea Factors Corporation whereby it granted a continuing general lien on all proceeds of sale and accounts receivable and on all goods then or later on the bankrupt's premises, the lien to be security for advances then made and later to be made. Many other provisions were contained in the agreement, but they are of no present importance. The agreement was to continue for one year, subject to the right of the Chelsea Company to terminate it sooner. The Chelsea Company made an advance of cash to the bankrupt at the time and made other advances later. An appropriate sign was placed at the entrance to the bankrupt's premises, and notice of lien was filed in the proper office on November 10, 1934. On February 12, 1935, the Chelsea Company seized possession of all goods on the bankrupt's premises and removed them. The bankrupt was then insolvent, and the Chelsea Company knew of the insolvency. The goods were later sold, realizing a figure less than the amount of the advances. Petition in bankruptcy was filed on March 4, 1935.

The Chelsea Company brought a proceeding against the trustee in bankruptcy to compel him to turn over the proceeds of an account receivable assigned to it but collected by him. The trustee counterclaimed for the value of the goods taken by the Chelsea Company, claiming that the seizure was a voidable preference. The Chelsea Company took the position that it had a valid lien under the agreement of October 22, 1934, by virtue of the Factors Act, irrespective of the later seizure. This position the referee sustained. He granted the Chelsea Company's petition and dismissed the trustee's counterclaim. The trustee brought the case here for review.

The purpose of the Factors Act was to permit the creation of a lien on merchandise to secure loans in cases where the statutory conditions of notoriety were complied with in lieu of delivery of possession of the merchandise to the lienor. Irving Trust Co. v. Commercial Factors Corporation (C.C.A.2) 68 F.(2d) 864. A lien under the act is an alternative to a chattel mortgage or common-law pledge. Here the agreement provided for a lien in favor of the lender, and the latter went to the trouble of putting up the sign and filing the statutory notice in an effort to satisfy the requirements of the act. A valid lien was thereby created unless there be merit in one or more of the three points urged by the trustee.

The first point is based on the fact that there were creditors with substantial claims against the bankrupt when the agreement was made and when the notice was filed, such persons being creditors also at the time of bankruptcy. It is argued that as against these creditors the lien was void, for the act says that the notice "shall be effectual from the time of the filing thereof as against all claims of creditors in or against such merchandise thereafter arising." The inference, it is said, is that the lien shall not be effectual against creditors with claims prior to notice filed. If such is the effect, the act affords little protection to the lienor. He would be required to act at peril with regard to claims against the owner in existence when the agreement was made and notice filed. But the act has not so limited an operation. In the provision that the notice shall be operative "against all claims of creditors in or against such merchandise thereafter arising," the reference is not to general claims of creditors thereafter contracted by the owner but to creditors' claims which are thereafter made liens against the merchandise by levy of attachment or execution or the like. The contrast is that the statutory lien is not effectual against creditors who have perfected claims on the merchandise, by levy or other legal process, prior to filing of the required notice. It follows that the lien is good against creditors with claims antedating the notice, unless such claims have been made liens attaching to the merchandise prior to filing of notice. In this case no creditors of the bankrupt had claims "in or against such merchandise" that arose prior to the filing of notice

of lien by the Chelsea Company. So the trustee's point is without merit.

The second point is that the notice filed by the Chelsea Company gave one year as the time during which loans might be made under the agreement. It is argued that this was inaccurate, for failure to add that the Chelsea Company had the right to terminate prior to one year. But the notice did specify the maximum period, and the omission of mention of the right of earlier termination was a peccadillo. The act requires only a substantial compliance with its provisions, and there was substantial compliance.

The third argument is that under the act there must be, first, an agreement providing for a lien, and, second, a delivery or act indicating change of possession. It is said that here there was only the agreement providing for a lien. The contention is built on a labored effort to carry over into the statute an element of common-law pledges. Under the statute transfer of possession to the lienor is unnecessary. The act says so in so many words. Here the agreement provided for the lien, and the lien was valid from the moment when notice of lien was filed. The argument cannot be sustained.

The Chelsea Company had a lien that was valid under the New York statute. The referee's order was right and will be affirmed.