## SCHUSTER v. WENDLING.

### No. 8435.

Circuit Court of Appeals, Sixth Circuit.

Jan. 8, 1941.

Albert B. Arbaugh, of Canton, Ohio, for appellant.

Charles E. Nadler, of Cleveland, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

As in Wells v. Rutkowski, 6 Cir., 69 F. 2d 143, the only question raised upon this appeal is whether a chattel mortgage upon the assets of the bankrupt created, as against the trustee in bankruptcy, a valid lien against the bankrupt's estate, in view of the requirements of § 8564, Ohio General Code. The referee and District Court concurred in a holding of invalidity, and the facts being either stipulated or admitted, are not in controversy.

On May 29, 1934, the appellant loaned the bankrupt the sum of $10,000 upon its promissory note for that amount, and on the security of a chattel mortgage upon all of its personal property. The mortgage incorporates the note by reference, is conceded to have been duly filed with the Recorder of the county, to have been given in good faith by the bankrupt, and for an actual advance to it of $10,000 by the mortgagee named therein. The Canton Brewing Company, mortgagor, was adjudicated a bankrupt on December 7, 1938, while in possession of the mortgaged property, and the appellee was appointed trustee for its estate. Upon his petition for authority to sell the personal property of the bankrupt, the appellant set up her mortgage, and prayed that it be declared a first lien upon the property to be liquidated from the proceeds of the sale. The trustee opposed on the ground that the mortgage was void because of the failure of the affidavit thereon to respond to the requirements of the applicable Ohio Statute.

Section 8564 Ohio General Code, provides: "The mortgagee, his agent, or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only. If given to indemnify the mortgagee against a liability as security for the mortgagor, such sworn statement shall set forth the liability and that the instrument was taken in good faith to indemnify against loss that may result therefrom."

In the execution of the mortgage a blank was used which contained two forms for the affidavit required by the statute, one for a mortgage given as security for money loaned, and the other to be used if the loan was to indemnify against loss. It was the second of the two forms that was executed and signed by the mortgagee, although certain phrasing indicating the indemnifying character of the mortgage was deleted in the endeavor to make the affidavit conform to the requirements of the statute applicable to a mortgage given to secure the payment of money.

It will be observed that the statute makes it imperative for the mortgagee, in case the mortgage is given for the payment of a sum of money only, to state thereon, under oath, before the instrument is filed, the amount of the claim, and that it is just and unpaid. As noted by us in Wells v. Rutkowski, supra, these requirements are, by the courts of Ohio, held to be vital to the spirit of the statute in the light of the mischief it was intended to prevent. Benedict v. Peters, 58 Ohio St. 527, 51 N.E. 37. While there are Ohio decisions to the effect that mere form is not controlling, and that where the affidavit substantially complies with the statute the mortgage will be held good, such as Gambrinus Stock Co. v. Weber, 41 Ohio St. 689; Ashley v. Wright, 19 Ohio St. 291; and Gardiner v. Parmalee, 31 Ohio St. 551, no one of them is authority for validating a mortgage given to secure the payment of money, in the absence from the affidavit of an affirmation that the amount of the claim is just and that it is unpaid. In respect to these requirements, regarded as vital, Ohio cases hold that the statute must be strictly construed, Nesbit v. Worts, 37 Ohio St. 378; Blandy v. Benedict, 42 Ohio St. 295.

The appellant strives to repair the infirmities of the affidavit by pointing to the body of the mortgage which, under Ohio law, is regarded as part of the affidavit, Gardiner v. Parmalee, supra, and by invoking the rule that such affidavits are to be liberally construed to effect their purpose with substantial compliance, only, required of mortgagees acting in good faith, Gambrinus Stock Co. v. Weber, supra. The mortgage recites that it is given "for value received," and "in good faith." This, she says, is the full equivalent of "just." It requires neither demonstration nor authority to repel the contention. A consideration may well be for value, and yet not "just," and the assertion that the mortgage is given in good faith but indicates that it is not collusive or fraudulent. It was held in Nesbit v. Worts, supra, that an affirmation that a

claim due the creditor is just, is not a denial of collusion or fraud. The reverse must also be true.

But even were we to assume, by a construction of the affidavit too liberal to be permissible under Ohio decisions, that the recital in the affidavit that the mortgage was given in good faith, and in the note that it was for value received, constitutes a substantial equivalent to a recital that the consideration was just, there is nothing either in the affidavit or the mortgage to indicate that the debt was unpaid. The note was a demand instrument and was not recorded until June 6, 1934. The statute requires the mortgage to be sworn to before the instrument is filed. The mortgagee urges that it is implicit in the execution of the affidavit and the filing of the mortgage, that the debt for which it was security was unpaid, but to draw such inference would vitiate the requirement of the statute, since a like implication would follow the filing of every chattel mortgage.

Affirmed.