**REBISSO, Inc. v. FRICK et.**

Common Pleas Court, Hamilton County.

No. A-126583. Decided October 1, 1951.

Walter K. Sibbald, Cincinnati, for plaintiff.

Leonard H. Freiberg, Cincinnati, for defendant Marcella M. Frick.

Paxton & Seasongood, Cincinnati, for defendant Emil G. Stoll.

C. Watson Hover, Pros. Atty., Francis X. Schwegmann, Asst. Pros. Atty., Cincinnati, for Auditor & Treasurer, Hamilton County.

## OPINION

By BADER, J.

The plaintiff, Rebisso, Inc., brings this action to foreclose a mechanic's lien recorded in Mechanics Lien Book 63, page 92 in the Office of the County Recorder on the real estate of the defendant, Marcella M. Frick, which real estate is described in plaintiff's petition. Defendant Marcella M. Frick, in her answer to plaintiff's petition, admits many of the allegations and as a defense says that the petition does not state facts which constitute a cause of action against her and denies all the other allegations of the petition not in the answer admitted to be true.

The plaintiff was the plumbing contractor and purchased a septic tank from one O. C. Adams to be used on the Frick premises. The evidence is clear that the tank came in three sections and the cover for the tank, and the same was lowered into a hole which was dug by the Tri-State Sanitation Company for the plaintiff. The sections were "set" and cemented together with cement mixed on the premises by men employed by O. C. Adams and placed in position.

Phillip Kessler, who did business as the Atlas Construction Company, was the general contractor. Prior to the completion of the plumbing work as contracted for between Phillip Kessler and the plaintiff, the former abandoned the construction of the dwelling and left for parts unknown. The plaintiff received half of the contract price before Kessler left the city.

Plaintiff asks, among other things, for the foreclosure of the mechanic's lien and that the property be sold and the proceeds applied to the payment of the various liens in the order of their priority.

**Sec. 8312 GC** provides in part as follows:
Page 609.

"Statement of original contractor to owner before payment; affidavit. The original contractor shall, whenever any payment of money shall become due from the owner, part owner, or lessee, or whenever he desires to draw any money from the owner, part owner, or lessee, under such contract, or upon the written demand of any mortgagee, make out and give to the owner, part owner, lessee or mortgagee, or his agent, a statement under oath, showing the name of every laborer in his employ who has not been paid in full and also showing the name of every subcontractor in his employ, and of every person furnishing machinery, material or fuel, and giving the amount, if any, which is due or to become due to them, or any of them, for work done, or machinery, material or fuel furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing machinery, material or fuel to him, * * *."

Page 611.

"Statement of dues to subcontractors, laborers and material men. And the original contractor shall also deliver to such owner, part owner, lessee, or mortgagee, similar sworn statements from each subcontractor, accompanied by like certificates from every person furnishing machinery, material or fuel to such subcontractor. * * *

"No right of action or lien against owner until statements furnished. Until the statements provided for in this section are made and furnished in the manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner, or lessee, on account of such contract, and the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor, until he shall have furnished such statements, * * *."

O. C. Adams is listed in the subcontractor's affidavits as a material man. Defendant Marcella M. Frick contends that he is not a material man but a subcontractor, and as such would have been required to give certain affidavits as is set forth in §8312 GC quoted above and that by reason thereof the mechanic's lien is void and of no effect and the petition of plaintiff should be dismissed.

The question before the Court is whether or not O. C. Adams is a material man or a subcontractor, and if he is a subcontractor, has the plaintiff complied with the mechanic's lien law in order to give it a good and subsisting lien on the real estate of the defendant, Marcella M. Frick.

There seems to be a very fine distinction between a material man and a subcontractor. The duties of a material man and subcontractor differ. Material men give certificates

whereas subcontractors are required to give affidavits similar to that of the original contractor.

In §8323-9 GC the word "material man" is defined as: "* * * all persons by whom any machinery, materials or fuel are furnished in, or for any construction, erection, alteration, repair, or removal * * * upon which the improvements contemplated by this act are made."

The word "subcontractor" is defined by the statute as: "* * * any person, firm, or corporation who undertakes to construct, alter, erect, improve, repair, remove, dig, or drill any part of the structures or improvements mentioned herein under a contract with any person other than the owner."

It appears from reading the legal definition of a "material man" that if one merely furnishes material for the purposes mentioned in the General Code and furnishes no labor on the premises where the construction is being or is about to be carried on then he is a "material man." On the other hand it appears from reading the legal definition of a "subcontractor" that one who furnishes material and does any work or labor on the premises. either with his own hands or by his employees, is a "subcontractor."

In 26 O. Jur. page 805 the following is found: "The criterion seems to be, did the material furnisher install or erect the materials furnished on the job?"

And on page 806: "Where a person furnishes not only material, but also some labor in the use of the material in the building being erected, or its installation therein, he is no longer a material man, but thereby becomes a contractor or subcontractor. But if, on the other hand, such person only constructs or assembles the material in his own factory, or furnishes the raw material without any fabrication, and takes no part in its installation in the building or structure, but simply sells and delivers the material, either in its raw or its fabricated state, to a contractor or subcontractor, who in turn furnishes the labor to install it in the building or structure, in that event such person is not a contractor or subcontractor, but is a material man only."

In DeWitt on Ohio Mechanics Liens, Section 21 at page 64 may be found the following: "It is not the labor used in the manufacture of fabricated material which converts one, who would otherwise be a material man, into a subcontractor; but it is the labor used in the installation of such materials in the building being erected that fixes his status as a subcontractor."

In the case at bar O. C. Adams, who was listed in plaintiff's affidavit, testified that he installed the septic tank on

the premises but brought it to the building site in four sections for his convenience and that he used two laborers on the premises in doing so.

Counsel for the plaintiff sets forth in his memorandum that O. C. Adams is not a subcontractor because plaintiff ordered a seven hundred gallon septic tank, the same to be delivered by Adams to the job from his plant near Hamilton, Ohio. He also claims that "because of the great weight of an assembled tank, Mr. Adams, for his own convenience, delivered the four parts to the Frick site, and there assembled the tank by fitting the three sections together and cementing the joints so as to make the tank water tight."

There can be no question that before a valid mechanic's lien can be established there must be a strict compliance with the definite procedural requirements imposed by the statute. See **Mahoning Park Co. v. Warren Home Development Co., 109 Oh St 358, Syl. 1, 142 N. E. 883; Marcum v. Home Loan & Building Ass'n, 45 Oh Ap 237, Syl. 1, 186 N. E. 920;** In re Kinnane Co., Bankrupt, 14 Ohio Law Rep. 531, Syl. 2; **Frisch v. Ammon, 34 Oh Ap 447, Syl. 1, 171 N. E. 247.**

In the case of **C. C. Constance & Sons v. Lay, 122 Oh St 468, at page 469, 172 N. E. 283,** the Court said: "Our mechanic's lien law contains the provision that the same shall be liberally construed in so far as it is remedial, but this does not justify the relinquishment of a mandatory requirement of the law respecting the perfection of a lien. This statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied."

There can be no question that if the assembled product is delivered and no work is done on the premises where it is to be used by the person furnishing it, the furnisher would be classified as a material man by reason of the definition set forth in the statutes.

In the case of **Matzinger v. Harvard Lumber Co., 115 Oh St 555, 155 N. E. 131,** the Court held: "2. Whether materials furnished by a dealer to a contractor to be used in the process of the erection of a building were selected from the stock of the dealer or made by him in his own establishment or procured from another for the particular purpose, such dealer, having nothing to do relative to the installation of said materials or the fabrication thereof into the structure, is a material man and not a subcontractor."

Plaintiff suggests in its memorandum that if Adams is a

subcontractor and he assembled the tank on the site all of his employees at his plant in Hamilton would be entitled to perfect a lien on the premises.

The Court, in the Matzinger case, **115 Oh St** on **page 559,** 155 N. E. on page 132, referring to the contention of plaintiff's counsel that the employees in a factory from which completed equipment was furnished and delivered to site without any labor being performed at the site would have a right of lien, said: "The construction of these statutes, contended for by counsel for plaintiff in error, would lead to rather absurd consequences, for, if a dealer constructs or alters any door or sash, or even reduces lumber in his stock to the size specially required to meet the specifications of a particular building, he would thereby become a subcontractor, and the employees in his own establishment would be entitled to perfect liens for labor upon the building for which such materials were furnished. The words 'construct' and 'erect' have reference to the actual combination of materials on the building site to constitute the structure, and not to the manufacture of such materials, which later may be somewhere combined with others to make a building."

The Court is of the opinion that the employees of a factory where a part of a building is fabricated have no right of lien on the premises to which it has been delivered and used unless the same employees did some work or performed some labor on the premises.

The Court is also of the opinion that if a septic tank is delivered to the premises in sections where it is to be used, whether delivery in sections is for the convenience of the builder of the tank or not, and work is performed on the premises by the manufacturer himself or by his employees, in the erection of same he is a subcontractor and not a material man.

Accordingly the Court finds that O. C. Adams was a subcontractor and that when the plaintiff listed him as a material man in the affidavit he did not comply with the mechanic's lien law of the State of Ohio, and the purported mechanic's lien on the premises of Marcella M. Frick is not a good, valid and subsisting lien, and the petition of the plaintiff should be dismissed.

All other matters and issues in this case, including the claims of the other defendants, should be continued for further consideration of the Court.