In the Matter of SUMMIT HARDWARE, INC., Bankrupt.

John A. SCHWEMLER, Trustee in Bankruptcy, Plaintiff-Appellant,

v.

Everett L. FOOTE, Defendant-Appellee.

No. 14548.

United States Court of Appeals
Sixth Circuit.

April 19, 1962.

Clair E. Whitmer, Akron, Ohio (Kent W. Woodward, Johnson, Whitmer & Sayre, Akron, Ohio, on the brief), for appellant.

Clarence W. May, Akron, Ohio (Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio, on the brief), for appellee.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and MAGRUDER, Senior Circuit Judge.

WEICK, Circuit Judge.

This case involves the question whether a factor's lien on inventory taken as security for the payment of a loan was valid under Ohio law as against the creditors of the bankrupt borrower.

The material facts, with one exception, were not in dispute.

The bankrupt, Summit Hardware, Inc., an Ohio corporation, was engaged in the business of selling hardware at retail. On December 17, 1957 it negotiated a loan from the factor, Everett L. Foote in the amount of $25,000 to finance its operations and pay creditors. The loan was evidenced by a promissory note executed by the bankrupt to the factor payable six months after date and bore interest of 5% per annum. The loan was secured by a chattel mortgage on certain of the bankrupt's fixtures and a factor's lien on its inventory. The loan was further secured by a pledge of the capital stock of the bankrupt owned by two of its principal officers. The pledge agreement provided that unless the note was paid within one year, Mr. Foote had the option to purchase one-half of the bankrupt's outstanding capital stock for $100.00. In the event the option was exercised, the full amount of the loan would then be payable twenty months after the date of the note and the bankrupt or its shareholders could then satisfy the note and repurchase the shares of stock for the total sum of $50,000.00.

The Agreement for Factor's Lien was executed by the parties on December 17, 1957 and a notice of the lien was duly filed with the recorder of Summit County, Ohio on December 19, 1957. In the agreement the bankrupt

"hereby gives, grants and pledges to the said Factor, Everett L. Foote, a lien on all its hardware, screws, nuts, bolts, work in process, tools, merchandise, and all other chattel property, excepting the fixtures in said building and the office equipment permanently there, including any and all chattel property held for sale, a list of which is attached hereto marked 'Exhibit A' and made a part hereof, to cover the aforesaid note in the amount of Twenty-five Thousand Dollars ($25,000.00) and to cover any advances, loans or credits hereafter granted by the said Everett L. Foote. Said Factor's lien shall cover any and all chattel property including nuts, bolts, hardware, tools, supplies, or merchandise hereafter acquired. This lien shall remain in full force until the aforesaid Twenty-five Thousand Dollars ($25,000.00) note and any other advances, loans or payments made by the said Everett L. Foote to or on behalf of said Summit Hardware Inc. are fully paid. It is further expressly agreed that the said Summit Hardware Inc., Borrower, shall be entitled to sell any of said merchandise in the regular course of business, without incurring any liability whatsoever.

"It is further agreed that Summit Hardware Inc. shall furnish to Everett L. Foote each thirty (30) days or oftener a list of all merchandise acquired by it and shall at any time at his request furnish a list of all merchandise which it has on hand.

"It is also agreed that in the event said note becomes due and payable and is not paid or in the event of any execution being issued against said property or in the event of any receivership or bankruptcy filed by or against Summit Hardware Inc. or any other legal action taken against said Borrower or the Factor deems himself insecure, then the said Everett L. Foote shall be entitled to take possession of such merchandise, heretofore described, as remains on hand and shall be entitled to sell the same at public or private sale, on such terms of credit as he deems proper, and shall apply the proceeds thereof to the payment

of said advances or debts due to the said Everett L. Foote, Factor.

"It is further stipulated that in the event Everett L. Foote elects to take over the merchandise heretofore described, then he shall be entitled to liquidate same in such manner as he sees fit, or, if he desires to continue to operate said business, he may do so and over a period of time apply the profits from said operation to the amount owed to him by Summit Hardware Inc.

"This Agreement shall remain in effect for three (3) years from the date hereof but may be renewed from time to time.

"In the event said Summit Hardware Inc. is for any reason dissolved or liquidated then said Everett L. Foote likewise shall be permitted to take possession of said goods and merchandise, and sell same as afore set forth."

No "Exhibit A" was attached to or made a part of the agreement.

The fact in dispute between the parties was whether written statements dated and signed by the bankrupt designating the merchandise upon which the lien shall attach had been furnished. Both the Referee in Bankruptcy and the District Court, however, found that no such statements had ever been furnished. We accept this finding of fact.

An involuntary petition in Bankruptcy was filed in the District Court against Summit Hardware, Inc. on September 25, 1958 which resulted in its adjudication as a bankrupt.

The trustee in bankruptcy filed a petition to sell the assets of the bankrupt. The factor filed an answer and cross-petition for reclamation. The trustee filed a reply thereto asserting that the factor's lien on inventory was invalid as to the creditors of the bankrupt because of failure to comply with the Ohio statutes creating the factor's lien.

The Referee in Bankruptcy adopted findings of fact and conclusions of law and held that the factor's lien was invalid.[1] On review, the District Court reversed and held that the factor's lien was valid. 192 F.Supp. 489 (N.D., Ohio)

Whether the factor had a valid lien must be determined by the recording laws of Ohio. Holt v. Crucible Steel Co., 224 U.S. 262, 32 S.Ct. 414, 56 L.Ed. 756; Lewis v. Manufacturers National Bank of Detroit, 275 F.2d 454, 457 (C.A.6) affirmed 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323.

The pertinent Ohio statutes providing for the factors lien are as follows:

"§ 1311.60 Lien of factor.

"If it is provided by a written agreement with the borrower, a factor shall have a lien upon such merchandise owned by and in the custody or possession of the borrower, including such merchandise as is temporarily out of the borrower's custody or possession, as is from time to time after the execution of said written agreement designated in separate written statements dated and signed by the borrower and delivered to the factor. Such lien shall secure the factor for all his loans and advances to or for the account of the borrower, together with interest thereon, and also for the commissions, obligations, indebtedness, charges, and expenses properly chargeable against or due from said borrower and for the amounts due or owing upon any notes or other obligations given to or received by the factor for or upon account of any such loans or advances, interest, commissions, obligations, indebtedness, charges, and expenses. Such lien is perfected and valid from the

---

1. The Referee further found that the chattel mortgage was a valid lien in the amount of $874.00 which was the value of the fixtures. The balance of the factor's claim was allowed as a general unsecured claim against the bankrupt's estate.

time of filing the notice referred to in sections 1311.61 to 1311.64, inclusive, of the Revised Code, whether such merchandise is in existence at the time of the execution of the written agreement providing for the creation of the lien or at the time of filing such notice, or comes into existence subsequently thereto, or is subsequently acquired by the borrower; provided a notice of the lien is filed as set forth in section 1311.61 of the Revised Code."

"§ 1311.62 Superior liens.

"Upon the filing provided for in section 1311.61 of the Revised Code, the lien of the factor shall be effectual upon and shall attach to the property from time to time designated in the written statements provided for in section 1311.60 of the Revised Code, as against all claims of unsecured creditors of the borrower and as against subsequent liens of creditors, except that, notwithstanding the prior perfection of the lien of the factor under section 1311.60 of the Revised Code, specific liens arising out of contractual acts of the borrower with reference to the processing, warehousing, shipping, or otherwise dealing with the merchandise in the usual course of the borrower's business, preparatory to their sale, shall be superior to the lien of the factor on said merchandise, whether or not filing has occurred under section 1311.61 of the Revised Code. This section does not obligate the factor personally for any debt secured by such superior lien. When merchandise subject to the lien provided for by sections 1311.59 to 1311.64, inclusive, of the Revised Code, is sold in the ordinary

course of the business of the borrower, the purchaser takes the said merchandise free and clear of the lien, whether or not he has knowledge of the existence thereof."

No Ohio cases construing these statutes have been cited to us and we have found none.

The factor was not unknown at common law although he has been subjected to a metamorphosis by legislative enactments. Judge Hartshorne has stated in In re Tele-Tone Radio Corp., 133 F.Supp. 739, 746 (D.C.N.J., 1955) that: "The factor at common law was an agent employed to sell goods for a principal and receive a commission thereon. * * * The factor had a lien on the goods for any advances made by him and for his commissions." [2] See also, 35 C.J.S. Factors § 1, p. 496; 22 Am.Jur., Factors, § 2, pp. 307–308.

It was emphasized, however, that the common law factor's lien existed independently of any agreement. Judge Hartshorne added at 746 of 133 F.Supp. that: "The modern factor, however, is * * * a financier who lends money and takes in return an assignment of the accounts receivable or some other security."[3]

Prior to the enactment of the factor's lien law in Ohio, security devices then in use were not adequate to obtain a valid lien against third persons on a fluctuating inventory or after acquired merchandise. The Supreme Court of Ohio in Francisco v. Ryan, 54 Ohio St. 307, 43 N.E. 1045 held that a chattel mortgage on merchandise was void against creditors of the mortgagor where the mortgagor remained in possession with power of sale; that a provision for lien on after acquired merchandise did not create a present lien or a lien when the goods

2. Eugene Freedheim and Eli Goldston, "Article 9 and Security Interest in Instruments, Documents of Title and Goods," 15 Ohio St. L.J. 51, 57 (1954). The authors state: "Although this common law lien has been preserved in Ohio, changing business methods have made it unimportant and it has only a remote his-

torical relationship to the statutory factor's lien."

3. Ohio Rev.Code § 1311.59(B) defines a factor as: "persons, firms, banks, and corporations, and their successors in interest, who advance money on the security of merchandise, whether or not they are employed to sell such merchandise."

were purchased, but constituted a valid contract for a lien which protected the mortgagee against creditors when the mortgagee took possession of the property.

It will be noted by the express language of both sections R.C. § 1311.60 and § 1311.62 the factor's lien is only upon the merchandise or property designated in separate written statements dated and signed by the borrower and delivered to the factor.

As before stated, both the Referee in Bankruptcy and the District Judge found that no such statements had ever been furnished by the borrower and delivered to the factor.

It is plain, therefore, that the provisions of the Ohio statutes creating the lien have not been complied with.

It is argued that these statutes are remedial in nature like the Ohio Mechanics Lien Law and should be liberally construed. R.C. § 1.11; R.C. § 1311.24; Brown & Sons v. Honabarger, 171 Ohio St. 247, 168 N.E.2d 880.

It should be noted, however, that the Factor's Lien Law, unlike the Ohio Mechanics Lien statute, does not contain a specific provision for liberal construction. If R.C. § 1.11, which is relied upon here, was applicable to mechanics liens it is strange that the legislature enacted another statute to the same effect, namely, R.C. § 1311.24.

Notwithstanding the statutory provision for liberal construction of the mechanics lien law the Supreme Court of Ohio held that these statutes were in derogation of common law and must be strictly construed with respect to compliance with the statutory steps to obtain the lien and liberally construed after the lien attached. Robert V. Clapp Co. v. Fox, 124 Ohio St. 331, 178 N.E. 586; C. C. Constance & Sons v. Lay, 122 Ohio St. 468, 172 N.E. 283. In Miller v. Kyle, 85 Ohio St. 186, 193, 97 N.E. 372, the Supreme Court, in construing the Negotiable Instruments Act, said "That statutes in derogation of the common law shall not by construction receive a meaning

beyond that of the terms which they employ." Id. 195, 97 N.E. 373.

In the recent case of Gebhart v. United States, 172 Ohio St. 200, 174 N.E.2d 615, the Supreme Court, in an opinion written by Judge Herbert but not in the syllabus, questioned the necessity of the holding in the Clapp case relative to the strict construction of the Mechanics Lien statutes, but agreed with the decision in the Clapp case.

It seems clear to us that whether the Ohio Factor's Lien Law is given a strict or liberal construction, the statutory steps to obtain the lien must be substantially followed in order to obtain a lien. In the present case they were not.

■ Appellee contends that even though the statements were not furnished nevertheless the Agreement for the Factor's Lien sufficiently describes the merchandise. It should be observed that the description of the property conveyed was in general terms and stated that "a list of which is attached hereto marked exhibit 'A' and made a part hereof." There was no such list. Consequently the description was incomplete, and, in our judgment, inadequate.

■ We do not agree that the statutory provisions requiring the describing of the merchandise in written statements dated and signed by the borrower and delivered to the factor were enacted merely for the convenience of the borrower and the factor. The borrower and the factor did not need a statute to create a lien good as between themselves. The purpose of the Factors Lien Law was obviously to create a lien on inventory which would be valid as against third persons such as subsequent mortgagees and creditors.

■ The notice filed with the recorder under the provisions of R.C. § 1311.61 was not required to contain a description of the merchandise. We think the purpose of requiring the dated and signed statements describing the merchandise was to provide written authentic records which third parties could examine and upon which they could rely, in order to

ascertain just what property was included in the factor's lien. The records would serve to identify the property subject to the lien in the event of enforcement proceedings.

Finally, it is urged upon us that the factor had an equitable lien because the Factor's Agreement provided that the borrower would furnish the statements to the factor and equity should regard as done that which ought to be done.

The simple answer to this is that the factor's lien is a legal lien, not an equitable lien. Without complying with the statute, the factor's agreement could be treated only as a contract for a lien and it would be necessary for the factor to take possession of the merchandise in order to perfect a lien valid as against creditors. Francisco v. Ryan, supra. No statutory lien can be obtained unless the statute was substantially complied with. Since the factor's lien, in the present case, was not good against creditors under Ohio law, it was void against the trustee in bankruptcy. Section 70, sub. c, Bankruptcy Act, 11 U.S.C.A. § 110 sub. c; Schuster v. Wendling, 116 F.2d 596 (C.A.6); J. M. & L. A. Osborn Co. v. Wells, 69 F.2d 970 (C. A. 6).

The judgment of the District Court is reversed and the order of the Referee in Bankruptcy denying the factor's lien is affirmed.

MAGRUDER, Circuit Judge (dissenting).

I think that the district court's order was correct and should be affirmed.

The referee's order denied a claim by Everett L. Foote of a factor's lien on certain inventory, which the referee treated merely as an unsecured claim against the bankrupt estate. The district court, on the contrary, ruled that the lien was good and had priority over the claims of the unsecured creditors and over the trustee in bankruptcy, appellant herein, representing those creditors.

The statutory material with which we are concerned is the Ohio Factors Lien Law. The factors lien laws were enacted because of the inadequacy of the chattel mortgage and other familiar security devices. See Silverman, "Factoring: Its Legal Aspects and Economic Justification," 13 Law & Contemp.Prob. 593 (1948). Beginning in New York in 1911, these laws, with more or less variation in detail, are now in force in nearly one half of the States. The Factors Lien Law of Ohio dates from 1945 and is now found in Ohio Rev.Code, §§ 1311.59–1311.64. It is conceded that the law of Ohio applies to this transaction. See Benedict v. Ratner, 268 U.S. 353, 45 S. Ct. 566, 69 L.Ed. 991 (1925); In re Robert Jenkins Corp., 17 F.2d 555 (C. A.1st, 1927). However, I am not aware of any decision of the Ohio courts on the precise point here in question. Under such circumstances a federal court must do the best it can with the Ohio statutory language, paying heed to any indications that it may find as to how the Ohio courts would probably construe the Ohio statute.

Under the Ohio act, there is no doubt that Everett L. Foote qualifies as a "factor" according to § 1311.59, which describes factors as persons who advance money on the security of merchandise, "whether or not they are employed to sell such merchandise." The bankrupt, Summit Hardware, Inc., is a "borrower," as also defined in § 1311.59. "Merchandise" is stated to mean "materials, goods in process, and finished goods intended for sale, whether or not requiring further manufacturing or processing, but does not include motor vehicles, whether or not intended for sale, or machinery, equipment, or trade fixtures of the borrower."

What was needed, and what § 1311.60 obviously sought to provide, was a lien upon inventory, conceived of as a "floating mass," which inventory would remain in the possession of the borrower, who would be free to withdraw an item from stock for sale in the regular course of business without any obligation to account to the lienholder for the proceeds. The res which would be the subject of

the lien is the merchandise or inventory, whose component elements may be constantly changing with no effect on the identity of the res. Cf. Hopkins v. Baker Bros. & Co., 78 Md. 363, 28 A. 284, 22 L.R.A. 477 (1894); Pullman's Palace-Car Co. v. Pennsylvania, 141 U.S. 18, 26, 11 S.Ct. 876, 35 L.Ed. 613 (1891). I know of no constitutional reason why the legislature of Ohio should not create such a lien if it chooses to do so. In doing this it would not be bound by common law analogies. See In re Comet Textile Co., Inc., 15 F.Supp. 963, 965 (S.D.N.Y.1936). If this type of lien on the inventory is valid, as I think it is, it is not necessary for a factor to take possession of the merchandise, and thus to accomplish the socially undesirable result of putting the pressed borrower out of business. See In re Comet Textile Co., Inc., supra at 964.

The text of § 1311.60 of the Ohio statute is given in the court's majority opinion.

The "written agreement" between the borrower and the factor in this case, after reciting that the factor had lent the borrower the sum of $25,000 evidenced by a note, specified that the borrower "hereby gives, grants and pledges to the said Factor, Everett L. Foote, a lien on all its hardware, screws, nuts, bolts, work in process, tools, merchandise, and all other chattel property, excepting the fixtures in said building and the office equipment permanently there, including any and all chattel property held for sale," as security for the said loan. "Said Factor's lien shall cover any and all chattel property including nuts, bolts, hardware, tools, supplies, or merchandise hereafter acquired." The agreement went on to state that the borrower should furnish the lender "each thirty (30) days or oftener a list of all merchandise acquired by it and shall at any time at his request furnish a list of all merchandise which it has on hand."

It does not appear that the borrower ever gave the factor a separate written statement dated and signed by him. Both the referee and the district court found this as a fact, and I accept this finding. The referee thought that this absence of a "separate written statement" was fatal to the existence of the statutory factor's lien upon after-acquired inventory. But as it was seen above, in the written agreement between the borrower and the lender in this case, the borrower had contractually bound himself to furnish such "separate written statements," so that, if the borrower performed his contract, that would complete the legal lien according to the Ohio statutes. I see no reason why the equitable lien which thus arises in favor of the factor should not be good as against unsecured creditors or as against the trustee in bankruptcy.

The referee, it seems to me, attaches undue importance to the absence in the Ohio Factors Lien Law of language which is found in the New York statute to the effect that the factor's lien is to be interpreted liberally in order to create a lien as intended by the parties. Since the statutory factor's lien was in derogation of the common law, the referee decided that the statute so imposing the factor's lien should be "strictly construed." He concluded that § 1311.-62 was applicable, with the result that, upon the "filing," as required by § 1311.-61, "the lien of the factor shall be effectual upon and shall attach to the property from time to time designated in the written statements provided for in section 1311.60 of the Revised Code, as against all claims of unsecured creditors of the borrower and as against subsequent liens of creditors."

I entirely agree with the opinion of the court that whether the Ohio Factors Lien Law is given a strict or liberal construction, the statutory steps necessary to obtain the legal lien must be substantially followed in order to accomplish that object. But I rest upon the equitable lien which, while it is not good as against a bona fide purchaser, may be deemed to be valid as against unsecured creditors under the Ohio law. I think that the spirit of Bown & Sons v. Hona-

404

barger, 171 Ohio St. 247, 168 N.E.2d 880 (1960), compels this result.

The lower court was impressed by the fact, which the referee readily admitted, that the factor does not have to file a new notice of lien under § 1311.61 whenever new property is acquired by the borrower and added to inventory and is listed in "separate written statements dated and signed by the borrower and delivered to the factor." See also In re Wyse Laboratories, Inc., 55 Ohio Law Abst. 321, 325 (1949). There may have been some other purposes served by requiring the borrower to issue these "written statements," as set forth in § 1311.61. But certainly the district judge was right in stating that the primary purpose of requiring these separate written statements was "for the protection and convenience of the parties to the agreement." 192 F.Supp. 489, 491. Therefore the court could not "understand how any prospective creditor could have been misled into a sense of false security by the lack of these separate written statements." Ibid. at 492.