NATIONAL ACCEPTANCE COMPANY
OF AMERICA, Plaintiff-Appellee,

v.

SOUTHWEST AUTOMOTIVE WARE-
HOUSE, INC., Defendant,

Roy Bass, Trustee, etc., Defendant-
Appellant.

No. 26755.

United States Court of Appeals
Fifth Circuit.

April 21, 1969.

Walter Warren, Warren & Warren, Leesburg, Fla., John H. Rhodes, Jr., Winter Garden, Fla., for appellant.

John L. Sewell, Bruce Culpepper, of Gurney, Gurney & Handley, Orlando, Fla., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

**1140**

Hugh Anderson, Kenneth Bowlin, Anderson, Edwards & Warnick, Lubbock, Tex., for defendant-appellant.

Marvin Warlick Carr, Ronald M. Yeager, Key, Carr, Carr & Clark, Lubbock, Tex., for plaintiff-appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

**PER CURIAM:**

On cross-motions for summary judgment, the district court entered summary judgment in favor of the plaintiff below, National, against the intervenor, Trustee of the bankrupt estate of the original defendant Southwest. On appeal, the sole issue presented is whether or not the description of the security purportedly covered by National's factor's lien is sufficient to comply with the Texas Factor's Lien Act,[1] and thus defeat intervenor's claim of invalidity of the lien. We hold that the description was sufficient to comply with the Texas statute and affirm the district court.

As security for certain notes Southwest executed in favor of National an assignment of accounts receivable and a factor's lien agreement on April 11, 1963. From April 18, 1963 through July 9, 1964, Southwest furnished 21 statements accompanied by schedules showing the dollar total amount of raw materials, work in process, finished goods, supplies, merchandise, parts and all other goods intended for sale plus purchases for the intervening period less sales for the period in question. During the early portion of the transactions, on six occasions from May 20, 1963 to November 8, 1963, invoices representing purchases by Southwest were furnished. From then until July 10, 1964, although Southwest assigned hundreds of thousands of dollars of accounts receivable to National and National in return advanced or paid to Southwest or to its credit hundreds of thousands of dollars in cash by drafts and checks, no other itemized or other designation of goods or inventory was furnished other than as found in the agreement and in the statements designating goods by dollar value subject to the Factor's Lien Agreement.

Southwest being in default to National on August 4, 1964, sued for debt and for foreclosure of the factor's lien agreement and assignments of goods receivable. One week later, on August 11, Southwest filed its voluntary petition in bankruptcy and was adjudicated a bankrupt. Roy Bass was permitted to intervene as Trustee for the bankrupt estate. By agreement Bass as Trustee sold all of the debtor's merchandise at public auction. The proceeds from the sale are held in the registry of the court awaiting the result of this action, it being agreed that National's lien, if any, attached to the proceeds.

Section 8 of the Factor's Lien Act provides:

> "Sec. 8. This Act is to be construed liberally to secure the beneficial interest and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. * * * *"

We hold that the description of the goods by dollar amount was a sufficient designation of the goods subject to the factor's lien. Matthews v. James Talcott, 7 Cir. 1965, 345 F.2d 374, cert. denied 382 U.S. 837, 86 S.Ct. 84, 15 L. Ed.2d 79.

---

1. Article 5506c, Vernon's Ann.Texas Statute.

The Trustee relies principally upon In re Summit Hardware Inc., 6 Cir. 1962, 302 F.2d 397, 96 A.L.R.2d 717, which construed the Ohio Factor's Lien Act. But in that case, contrary to the Ohio Act, the subsequent designations of the merchandise required to be given by separate written statements were not furnished in any form whatsoever. The Sixth Circuit relied on this omission and the lack of a "liberal construction" provision in the Act. Since no subsequent written statements in any form were ever furnished, the Court did not have before it the question of the sufficiency of the designations. See further United States v. Brown, 5 Cir. 1952, 199 F.2d 887, and Highland Park State Bank v. Continental Nat. Bank, 300 S.W.2d 304, Ft. Worth, Tex.Civ.App.1957, writ ref'd n. r. e.

The judgment appealed from is Affirmed.